UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAMILOLA ANIMASHAUN,

                                 Plaintiff,

   v.                                                            9:21-CV-0372
                                                                      (MAD/TWD)

J.J. TOOHILL, et al.,

                                 Defendants.
_____

APPEARANCES:

DAMILOLA ANIMASHAUN
14-A-0061
Plaintiff, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403


MAE A. D'AGOSTINO
United States District Judge

# DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Damilola Animashaun commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") by filing a pro se civil rights complaint together with an application for leave to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("First IFP Application").  By Order entered on April 2, 2021, the case was administratively closed based on plaintiff's failure to comply with the Court's filing fee requirement.  Dkt. No. 3.  Thereafter, plaintiff filed a second application to proceed IFP, along with the inmate authorization form required in this District, and the Clerk was directed to reopen this action and restore it to the

Court's active docket.  Dkt. Nos. 4, 5, 6.

By Decision and Order entered on June 8, 2021, the Court denied plaintiff's request to proceed IFP pursuant to 28 U.S.C. § 1915(g) based on a determination that plaintiff accumulated three "strikes" prior to filing his complaint, and was not entitled to the "imminent danger" exception.  *See generally*, Dkt. No. 7 ("June 2021 Order").  In addition, plaintiff was advised that if he wished to proceed with this action, he had to pay the Court's filing fee of four hundred and two dollars ($402.00) in full.  *Id*. at 7.  Thereafter, plaintiff paid the filing fee in full, and submitted an amended complaint, together with a motion to stay the action.  *See* Dkt. No. 11 ("Am. Compl."); Dkt. No. 12 ("Motion to Stay").

By Decision and Order entered on October 4, 2021, the Court reviewed the amended complaint in accordance with 28 U.S.C. § 1915A(b), dismissed some of plaintiff's claims and some of the named defendants, and found that plaintiff's claims against defendants Toohill, Patrick, Davey, and Tourville survived sua sponte review.  Dkt. No. 13 ("October 2021 Order").  Because plaintiff's application to proceed IFP was denied, the Court directed plaintiff to pay the service fee and submit a motion requesting service of process if he wished for the U.S. Marshals Service to attempt service on these defendants.  *Id*. at 14-15.  The Court also denied the Motion to Stay.  *Id*. at 14.

Following the October 2021 Order, plaintiff paid the $32.00 fee necessary for the U.S. Marshal to attempt service on defendants Toohill, Patrick, Davey, and Tourville.  Presently before the Court are the following: (1) plaintiff's letter request that the Clerk send him four blank U.S. Marshals forms (USM-285 Forms) for his completion, and the Court, upon receipt of these completed forms, direct the U.S. Marshals Service to attempt service on the named defendants, Dkt. No. 15 ("Service Request"); (2) plaintiff's letter request that the Court amend

2

the amended complaint to include three additional officials as defendants, Dkt. No. 17;[1] (3) plaintiff's letter request for reconsideration of the October 2021 Order insofar as it dismissed his medical indifference claims, Dkt. No. 18 ("Motion for Reconsideration"); and (4) plaintiff's motion for class certification, Dkt. No. 19 ("Motion for Class Certification").

## II.     MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[2]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff seeks reconsideration with respect to the Court's dismissal of his medical indifference claims.  Plaintiff does not suggest that there has been an intervening change in

---

[1] The letter request is accompanied by a proposed pleading that includes allegations of wrongdoing by the three proposed new defendants, along with an exhibit. *See* Dkt. No. 17 at 2-4.  Although plaintiff's proposed amended pleading is not a complete pleading as required by the Local Rules of Practice for this District, *see* N.D.N.Y.L.R. 15.1(a), out of an abundance of solicitude, and for the sake of efficiency, the Court will construe the submission as a motion to amend and join parties to the amended complaint pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure.

[2] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

the controlling law since the October 2021 Order was issued.  Instead, plaintiff appears to seek reconsideration based on new evidence, and to remedy a clear error of law.

More specifically, plaintiff argues that the allegations in the amended complaint make clear that he sought and was denied physical therapy in 2019, despite complaining of pain in his left arm, and such allegations are sufficient to state an Eighth Amendment violation. *See* Motion for Reconsideration at 1.  Plaintiff also appears to argue that "new" facts, detailed in his motion papers and medical records from 2018 attached thereto, support a finding that he (1) suffered a serious injury in April, 2018, and (2) discussed his need for physical therapy with a nurse in 2019, who instead ordered an "x-ray and MRI" for plaintiff, then refused his request because the scans were "negative[.]" *Id*. at 1, 4-11.

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the October 2021 Order.

With respect to plaintiff's argument that the Court incorrectly concluded that the allegations in the amended complaint were insufficient to state a medical indifference claim against one or more state officials, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.  Moreover, with respect to plaintiff's argument regarding "new" evidence, his alleged conversations with a nurse and receipt of an "x-ray and MRI" in 2019 are facts that were known to him at the time he filed his amended complaint, and, in any event, do not cure the deficiencies identified in the October 2021 Order with respect to the medical indifference claims.  Similarly, plaintiff's medical records from 2018 do not appear to satisfy the "new" evidence requirement, and, in any event, do not include facts from which this Court might plausibly infer that plaintiff (1) was suffering from a serious

4

medical condition in 2019 that necessitated physical therapy (such denying plaintiff access to a few weeks of physical therapy roughly one year after his injuries constituted a sufficiently serious deprivation in objective terms), and (2) was denied physical therapy out of deliberate indifference to a known risk to his health or safety.

In light of the foregoing, plaintiff's Motion for Reconsideration is denied.

### III. MOTION TO AMEND

#### A. Relevant Legal Standard

The filing of amended pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 15.  Rule 15(a) states that leave to amend shall be freely given "when justice so requires."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).  The Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

*Foman*, 371 U.S. at 182.[3]  An amended complaint has been described as a "perfection of an original pleading rather than the establishment of a new cause of action." *Klos v. Haskell*, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993) (internal quotation marks and citation omitted), *aff'd*, 48 F.3d 81 (2d Cir. 1995).  The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion.  *See Fielding v. Tollaksen*, 510 F.3d 175,

---

[3] An amendment of a pleading is considered a "futile" act when the proposed claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

179 (2d Cir. 2007).

When a plaintiff seeks to add a new defendant, his motion also implicates Rule 21 of the Federal Rules of Civil Procedure. Rule 21 authorizes a court, "on motion of any party or of its own initiative at any stage of the action and on such terms as are just," to order the addition of parties to an action. Fed. R. Civ. P. 21; *City of Syracuse v. Onondaga Cnty.*, 464 F.3d 297, 308 (2d Cir. 2006). That rule permits joinder "'of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.'" *Oneida Indian Nation of New York State v. Cnty. of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000) (McCurn, S.J.) (quoting, *inter alia*, *United States v. Hansel*, 999 F. Supp. 694, 697 (N.D.N.Y. 1998) (McAvoy, J.)). However, "[a] decision as to whether to permit joinder under Rule 21 is informed by the same general principles as those governing motions for leave to amend under Rule 15(a)." *Castro v. Heath*, No. 9:12-CV-01250 (MAD), 2013 WL 5354241, at *13 (N.D.N.Y. Sept. 23, 2013) (citing *Oneida Indian Nation of New York State*, 199 F.R.D. at 72-73).

The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court and the court's decision is not subject to review on appeal except for abuse of discretion. *Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir. 2001).

B.  **The Amended Complaint and October 2021 Order**

Plaintiff's amended complaint asserts claims arising while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Upstate Correctional Facility ("Upstate C.F.") and Mid-State Correctional Facility ("Mid-State C.F."). *See generally* Am. Compl.

In the October 2021 Order, the Court construed the amended complaint to assert the

following claims: (1) Eighth Amendment excessive force and failure-to-intervene claims against defendants Toohill, Patrick, Davey, Tourville, and their "Supervisors"; and (2) Eighth Amendment medical indifference claims against unidentified Upstate C.F. and Mid-State C.F. officials who denied him access to physical therapy.  *See* October 2021 Order at 5.

Following review of the amended complaint pursuant to 28 U.S.C. § 1915A(b), plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Toohill, Patrick, Davey, and Tourville were found to survive sua sponte review and require a response.  *See* October 2021 Order at 6-9, 14.  All remaining claims were dismissed for failure to state a claim upon which relief may be granted.  *Id*. at 14.

### C.   Overview of the Proposed Amended Pleading

Plaintiff's proposed amended pleading seeks to assert Eighth Amendment failure-to-intervene claims against the following officials, in their individual and official capacities, based on allegations (and a supporting document showing) that they were present during the use-of-force incident involving defendants Toohill, Patrick, Davey, and Tourville: (1) Corrections Officer B. Chevier; (2) Corrections Officer Z. Holmes; and (3) Corrections Officer W. Hoffnagle.  *See* Dkt. No. 17 at 2-4.

### D.   Analysis

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his proposed amended pleading must be reviewed in accordance with 28 U.S.C. § 1915A(b).  The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the October 2021 Order and it will not be restated in this Decision and Order.  *See* October 2021 Order at 2-3.

Insofar as plaintiff's proposed amended pleading seeks to assert official capacity claims against Corrections Officer B. Chevier, Corrections Officer Z. Holmes, and Corrections Officer W. Hoffnagle, his motion to amend is denied because the Eleventh Amendment bars suits for damages against state officials acting in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (a claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under Section 1983] for money damages against state officials in their official capacities.").[4]

Insofar as plaintiff's proposed amended pleading seeks to assert Eighth Amendment claims against Corrections Officer B. Chevier, Corrections Officer Z. Holmes, and Corrections Officer W. Hoffnagle in their individual capacities, the Court finds that at this stage of the proceeding, the allegations in the proposed amended pleading are sufficient to warrant a

---

[4] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law, and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities). In this case, plaintiff's proposed amended pleading does not allege facts which plausibly suggest the existence of an ongoing violation of law or the Constitution. *See generally*, Dkt. No. 17.

response.[5]  Accordingly, plaintiff's motion to amend is granted to the extent plaintiff seeks to add the aforementioned officials as defendants and assert Eighth Amendment failure-to-intervene claims against them based on alleged events that occurred on April 9, 2018.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.[6]

In light of the foregoing, the Clerk is directed to do the following: (1) attach the first page of plaintiff's proposed amended pleading (Dkt. No. 17 at 2) after what is currently page four of the amended complaint; (2) attach the second page of plaintiff's proposed amended pleading (Dkt. No. 17 at 3) after what is currently page eight of the amended complaint; (3) attach page five of the proposed amended pleading after the signature page of the amended complaint; (4) docket the combined pleading as the second amended complaint; and (5) add Corrections Officer B. Chevier, Corrections Officer Z. Holmes, and Corrections Officer W. Hoffnagle to the docket as defendants.

## IV.   MOTION FOR CLASS CERTIFICATION

Plaintiff requests that the Court "certify this lawsuit as a class action lawsuit[,]" with the class members comprised of "all incarcerated individuals whom [sic] has [sic] been physically injured because of the force deriving from the correction officers[.]"  *See* Motion for Class

---

[5]  The legal standard governing Eighth Amendment excessive force and failure-to-intervene claims was discussed at length in the October 2021 Order, and will not be restated herein.  *See* October 2021 Order at 6-9.

[6]  Plaintiff expressly alleges in the amended complaint that he exhausted his administrative remedies with respect to his claims arising out of the use-of-force incident that occurred on April 9, 2018.  *See* Am. Compl. at 8.  Moreover, the law is well-settled that the three-year statute of limitations period applicable to Section 1983 claims is tolled while an inmate-plaintiff is exhausting his administrative remedies.  *See Gonzalez v. Hasty*, 651 F.3d 318, 323 (2d Cir. 2011).  As a result, the Court has assumed, for purposes of this Decision and Order only, that plaintiff's proposed new claims were timely when plaintiff filed his motion to amend.  In the event plaintiff had fully exhausted his claims arising out of the use-of-force incident that occurred on April 9, 2018, more than three years before the date that he filed his proposed amended pleading, defendants may file a motion to dismiss on statute of limitations grounds, at which time the Court will consider the applicability of the relation back doctrine.

Certification at 1.

It is well settled that a class action cannot be maintained by a pro se litigant because non-attorneys may not represent anyone other than themselves.  *See, e.g., Miller v. Zerillo*, No. 07-CV-1719, 2007 WL 4898361, at *1 (E.D.N.Y. Nov. 2, 2007) (citing cases and recommending denial of class certification without prejudice until an attorney makes an appearance); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); 28 U.S.C. § 1654.  Moreover, plaintiff's request for class certification does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, plaintiff's request for class certification is denied.

Until such time as a motion seeking certification of the proposed class is properly filed, and demonstrates that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied, this action shall be considered only as an action brought by plaintiff in his individual capacity.

**V.    SERVICE REQUEST**

Plaintiff has filed a letter motion requesting an order that (1) the Clerk send him four blank U.S. Marshals forms (USM-285 Forms) for his completion, and (2) the Court, upon receipt of these completed forms, direct to the U.S. Marshals Service to attempt service on defendants Toohill, Patrick, Davey, and Tourville.  *See* Service Request.[7]  Plaintiff's letter motion is granted to the extent that he requests blank USM-285 forms.  Because three new defendants have been added to this proceeding in accordance with this Decision and Order,

---

[7] As noted in the October 2021 Order, plaintiff is responsible for serving the summons and operative pleading on the surviving defendants because his request to proceed in forma pauperis has been denied.  *See* October 2021 Order at 13.

10

the Clerk is directed to send plaintiff seven blank USM-285 forms for his completion. The Clerk is further directed to issue a summons for the seven defendants, which reflects plaintiff's current address.

In addition to returning a completed USM-285 form for each of the remaining seven defendants, and seven copies of the summons and second amended complaint, plaintiff must also send the Clerk the service fee for the three newly added defendants.[8] Upon receipt of plaintiff's payment of the outstanding service fee amount and the documents required for service, the U.S. Marshals Service shall be directed to attempt to serve the summons and second amended complaint upon defendants Toohill, Patrick, Davey, Tourville, Chevier, Holmes, and Hoffnagle in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## VI.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Motion for Reconsideration (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion to amend (Dkt. No. 17 at 1) is **GRANTED IN PART and DENIED IN PART** as set forth above; and it is further

**ORDERED** that the Clerk shall do the following: (1) attach the first page of plaintiff's proposed amended pleading (Dkt. No. 17 at 2) after what is currently page four of the

---

[8] Payment in cash or by personal check is not acceptable. For service by mail, the fee is $8.00 per summons and amended complaint. The cost of service by mail on the surviving defendants in this action is therefore $56.00. Since plaintiff has already paid $32.00, the outstanding service fee amount is $24.00. Plaintiff is also advised that, if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fee, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal.

amended complaint; (2) attach the second page of plaintiff's proposed amended pleading (Dkt. No. 17 at 3) after what is currently page eight of the amended complaint; (3) attach page five of the proposed amended pleading after the signature page of the amended complaint; (4) docket the combined pleading as the second amended complaint; and (5) add Corrections Officer B. Chevier, Corrections Officer Z. Holmes, and Corrections Officer W. Hoffnagle to the docket as defendants; and it is further

**ORDERED** that plaintiff's official capacity claims against defendants Chevier, Holmes, and Hoffnagle are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment;[9] and it is further

**ORDERED** that plaintiff's Eighth Amendment failure-to-intervene claims against defendants Chevier, Holmes, and Hoffnagle, along with plaintiff's Eighth Amendment claims against defendants Toohill, Patrick, Davey, and Tourville, **SURVIVE** sua sponte review; and it is further

**ORDERED** that plaintiff's motion for class certification (Dkt. No. 19) is **DENIED**; and it is further

**ORDERED** that plaintiff's Service Request (Dkt. No. 15) is **GRANTED** to the extent that plaintiff requests blank USM-285 forms for his completion; and it is further

**ORDERED** that the Clerk shall issue a summons for the seven defendants, which reflects plaintiff's current address, and send him a copy of that summons, along with a copy

---

[9] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because plaintiff's official capacity claims are barred by the Eleventh Amendment, it would be futile to grant plaintiff leave to amend to re-plead these claims.

of the second amended complaint and seven blank USM-285 forms for his completion.  The Clerk shall also forward a copy of the summons and second amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

    **ORDERED** that plaintiff shall have thirty (30) days from the date of this Decision and Order to return to the Court a completed USM-285 form for each defendant, along with seven copies of the summons and second amended complaint, and the outstanding amount of the applicable service fee, which is $24.00;[10] and it is further

    **ORDERED** that upon receipt of plaintiff's payment of the outstanding service fee amount and the documents required for service, the U.S. Marshals Service shall be directed to attempt service of the summons and second amended complaint upon defendants Toohill, Patrick, Davey, Tourville, Chevier, Holmes, and Hoffnagle in accordance with Rule 4 of the Federal Rules of Civil Procedure; and it is further

    **ORDERED** that, if plaintiff requests service by the U.S. Marshal, he must comply with any additional requests from the U.S. Marshal for documents that are necessary to effectuate service, and must provide payment in advance to the U.S. Marshal for any subsequent service attempt if the original attempt to serve any defendant is unsuccessful; and it is further

    **ORDERED** that upon the completion of service, a response to the second amended complaint be filed by defendants Toohill, Patrick, Davey, Tourville, Chevier, Holmes, and Hoffnagle, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

---

[10] Plaintiff may, if he so chooses, make copies of his second amended complaint for service on double-sided paper.

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: November 18, 2021
       Albany, NY

Mae A. D'Agostino
U.S. District Judge