* See also the attached affidavit of support and the attachments following to support this amended complaint.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AMENDED* COMPLAINT

Damilola Animashaun,

Plaintiff(s),

v.

Correction Officer James J. Toohill, Correction officer Trevor J. Patricky, Correction Officer Brian E. Davey, Correction officer Jeremy D. Tourville, The supervisors of the Correction officers, Upstate Correction facility responsible party(ies) for claim 3 and Midstate Correction facility responsible party(ies) for claim 3

Defendant(s).

**COMPLAINT**
(Pro Se Prisoner)

**Case No.** 9:21-cv-00372
(Assigned by Clerk's Office upon filing)

**Jury Demand**
☑ Yes
☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore ***not*** contain: an individual's social security number, taxpayer identification number, or birth date; the name of a person known to be a minor; or a financial account number. A filing may include *only*: the last four digits of a social security number or taxpayer-identification number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. *See* Fed. R. Civ. P. 5.2.

## I. LEGAL BASIS FOR COMPLAINT

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution and laws of the United States. Indicate below the federal basis for your claims.

☑ 42 U.S.C. § 1983 (state, county, or municipal defendants)
☐ *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)
☐ Other (please specify) ____________________

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
AUG 30 2021
AT____ O'CLOCK
John M. Domurad, Clerk - Syracuse

## II. PLAINTIFF(S) INFORMATION

Name: Damilola Animashaun

Prisoner ID #: ID# 389078

Place of detention: Baltimore County Department of Corrections

Address: 720 Bosley Avenue
Towson, Maryland 21204

Indicate your confinement status when the alleged wrongdoing occurred:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Immigration detainee

Provide any other names by which you are or have been known and any other identification numbers associated with prior periods of incarceration:
Damilola Animshaun Din# 14A0061 (New York State Department of Corrections entity associated with I) Damiilola Animashaun 389078 (ID) at Baltimore County Department of Corrections)

If there are additional plaintiffs, each person must provide all of the information requested in this section and must sign the complaint; additional sheets of paper may be used and attached to this complaint.

## III. DEFENDANT(S) INFORMATION

Defendant No. 1: Correction Officer James J. Toohill (Toohill J. James) (last, first)
Name (Last, First)

Correction Officer
Job Title

Upstate Correction Facility P.O. Box 2000 309 Bare Hill Road Maloney New York 12953
Work Address

Malone | New York | 12953
City | State | Zip Code

Defendant No. 2: Correction Officer Trevor J. Patrick (Patrick J. Trevor) (last, first)
Name (Last, First)

Correction Officer
Job Title

Upstate Correction facility P.O. Box 2000 309 Bare Hill Road
Work Address

Malone | New York | 12953
City | State | Zip Code

Defendant No. 3: Correction Officer Brian E. Davey (Davey E. Brian) (last first)
Name (Last, First)

Correction officer
Job Title

upstate Correction Facility P.O. Box 2000 309 Bare Hill Road
Work Address

Malone | New York | 12953
City | State | Zip Code

Defendant No. 4: Correction Officer Jeremy D. Tourville (Tourville, D. Jeremy)
Name (Last, First)

Correction Officer
Job Title

Upstate Correction facility P.O. Box 2000 309 Bare Hill Road
Work Address

Malone | New York | 12953
City | State | Zip Code

If there are additional defendants, the information requested in this section must be provided for each person; additional sheets of paper may be used and attached to this complaint.

## IV. STATEMENT OF FACTS

State briefly and concisely the facts supporting your claims. Describe the events in the order they happened. Your statement of facts should include the following:

- The date(s) on which the events occurred
- Where these events took place (identify the facility and, if relevant, the specific location in the facility)

Continued from section III page 2 and page 3

DEFENDANT(S) INFORMATION (Additional Defendants)

Defendant No. 5 The Supervisors of the Correction officers
Name (Last, first)

The Supervisors of the Correction officers
Job Title

Upstate Correction facility P.O. Box 2000 309 Bare Hill Road
Work Address

Malone — City
New York — State
12953 — Zip Code

Defendant No. 6 Upstate Correction facility responsible party(ies) for claim 3
Name (Last, first)

Upstate Correction facility responsible party(ies) for claim 3
Job Title

Upstate Correction Facility P.O. Box 2000 309 Bare Hill Road
Work Address

Malone — City
New York — State
12953 — Zip Code

Defendant No. 7 Midstate Correction facility responsible party(ies) for claim 3
Name (last, first)

Midstate Correction facility responsible party(ies) for claim 3
Job Title

Midstate Correction facility 9005 old River Road
Work Address

Marcy — City
New York — State
12953 — Zip Code

Civil case # 9:21-cv-00372
Animashaun V. Toohill et al.,

ADDITIONAL DEFENDANTS

Correction Officer B. Cherier
Upstate Correction facility
P.O. Box 2001
Malone, New York 12953
Sued in Personal capacity and Official capacity

Correction Officer Z. Holmes
Upstate correction Facility
P.O. Box 2001
Malone, New York 12953
Sued in personal capacity and Official capacity

Correction Officer W. Hoffnagle
Upstate Correction Facility
P.O. Box 2001
Malone, New York 12953
Sued in personal capacity and Official capacity

Continued from page 3 section IV

first claim: On 4/9/2018 Defendants #1-5 (Toohill, Trevor, Davey, Tourville, and the supervisors of the correction officers) did the following to me:

On 4/9/2018 at approximately 3:35 am at Upstate Correction facility (and according to the LOCATOR SYSTEM, I was housed at the time at 10-C1-17B) I was involved in an incident with the inmate that happened to be my bunkmate, whom at the moment had a hold on I. And upon I noticing Correction Officer Toohill I then motioned and screamed for help. Officer Toohill at that moment whom was making his routinely security rounds then called in for more officers (correction officers) through his radio to attend to the incident.

According to the appended use of force report, the names of the Correction Officers that were involved were Correction Officers Jeremy D. Tourville, Brian E. Davey, Trevor J. Patrick and James J. Toohill. These officers then altogether applied the use of force against I and upon I. Officer Patrick entered the cell (10-C1-17B) with the shield striking I in the upper torso forcing I to the floor; (see appended use of force report). These officers caused all of the injuries on use of force report.

According to the appended use of force report it mentions that Officer Tourville had control and with force applied the use of force on my left arm. Tourville is mentioned to had used both of his hands to apply the use of force on my left arm.

Upon the immediate medical screening on that same day on 4/9/2018 at approximately 4:15am, I was viewed in the lower holding pen on 10 Block. The nurse (C. Conklin) noticed that there were scrapes on my left hand knuckles (approximately 1cm round scrape on left center forehead, scrapes on right hand knuckles, 9-2 cm red spot on my back and a split upper and lower lip).

Swelling of my left hand developed and upon medical screening thereafter 4/9/2018, the medical screening revealed that my left hand's metacarpal bones did get fractured. The officers (or Tourville) injured my left hand. The doctor performed surgery on my left hand. And that included that I must wear a cast/brace on my left hand for healing: See medical history of mine.

These officers did not state that I sustained the other injuries upon them entering the cell of their viewing. I did not receive the injuries from the bunkmate, because all he had was the very tight hold on I. So it concludes that these officers are the cause of all the injuries noted per the medical screening. I did feel when the officer (Tourville) slammed the back of my left hand on the hard floor of the cell.

The officers were very rough and aggressive on I throughout. And either with punching, hitting, striking these officers used the extreme force upon I which caused the injuries.

The pain is currently on-going and which needs medication at times. But also my psychiatric medications assist too, to a surprise.

So the pain from the incident fades away with the consumption of my psychiatric medications. But no medication has relieved the pain that my chest suffers from, from the incident.

Also at times the entire left arm paralyzes for minutes but then by it's own motion the arm comes back alive. Some movements - normal sorts were lost since.

At the hearing of the disciplinary sanction I received for the incident of the alleged fight of 4/9/2018 the witness Correction Officer James J. Toohill to my recollection did state that I did not resist the apprehension by the team of subordinates/officers. And that shows that the use of such extreme force which injured I was unreasonable. It was definitely impossible to step out into the recreation pen on my free will, when the bunk mate was not complying to the direct order and had the tight hold on I.

So when the bunkmate refused to let I go or separate from I, I motioned and screamed for help to Toohill. Toohill was then - at the time I motioned and screamed for help to Toohill - making his routinely security rounds. Toohill then called on his radio for the other officers to attend to the incident. The hearing date for the disciplinary sanction was on 4/24/2018 at about 11:10 am and Captain A.C. Gravlin conducted the hearing at Upstate Correction facility. (Toohill's testimony at the hearing has significant parts of the matters in this complaint in pursuant to the 4/9/2018 incident)

In conclusion, since I was no threat while the officers had I apprehended, the injuries were extreme and unreasonable. I am as well suffering from headaches from the continuous pain ever since. Pain medications did get provided to I for the pain. And surgery was

performed on the lefthand of mine. Toohill as well testified at the hearing on 4/24/2018 that I was the only person whom screamed for his help, or motioned for his help.

The bunkmate was dangerous and not willing to release his grip on I. And although I needed Toohill's help - the extreme use of force was unreasonable when it caused injuries. There was no fight between us except the hold on I that the bunkmate had on I.

For the relief requested please determine it based on the in all injuries that I have suffered or on any of the injuries I have suffered and/or the harsh shield that struck I in my torso area.

The Constitutional basis for this claim under 42 U.S.C. § 1983 is: 8th amendment of the U.S. Constitution, 14th amendment of the U.S. Constitution (and the any other applicable laws).

The relief I am seeking for this claim is: $75,000.00 (Seventy five Thousand Dollars and zero cents) - Compensatory relief.

EXHAUSTION OF YOUR ADMINISTRATIVE REMEDIES FOR THIS CLAIM:

Did you grieve or appeal this claim? ✓ Yes ___ No if yes, what was the result?

Did you appeal that decision? ✓ Yes ___ No if yes, what was the result?

I appealed all of the administrative responses, but the responses was not in my favor.

Civil Case # 9:21-cv-00372
Animashaun v. Toohill et al.,

Additional claim: On 4/9/2018 Correction officer B. Cherier, Correction Officer Z. Holmes and Correction Officer W. Hoffnagle did the following to me.

While at 10-C-17 cell at Upstate Correction facility these correction officers failed to intervene a very brutal use of force that was being used on I by their co-workers correction officers J. Tourville, B. Davey, J. Toohill and T. Patrick. Which resulted in a fractured left hand of mine. However, it is clear that with 7 correction officers altogether present to separate the dangerous cellmate from I the injury to my left hand should had been prevented, as it was more than enough correction officers present to remove the dangerous cellmate from I, safely and without injuring my left hand. These officers failed to perform safe techniques to prevent injuring I. Which is a violation of the due process. These officers acted as accomplices to the correction officers J. Tourville, B. Davey, J. Toohill and T. Patrick.

The Constitutional grounds for this claim are: 5th, 8th and the 14th amendments of the U.S. Constitution.

I request for $40,000.00 monetary compensatory relief for this claim.

I declare under the penalty of perjury that the overall are true and correct from my knowledge.

Prosé Damilola Animashaun
Din 14A0061

Second claim: On 4/9/2018 Defendant#5 (the Supervisors of the Correction officers) did the following to me:

Failed to adequately train the subordinates whom injured I. If proper techniques were taught to the subordinates then the injuries would had been avoided. Officer Toohill did testify at the hearing for the disciplinary sanction I received for being involved in a fighting incident caused by the bunkmate.

The incident occurred on 4/9/2018 at about 3:35am. And the hearing occurred on 4/24/2018 at about 11:10am and Captain A.C. Grarlin conducted the hearing. The hearing occurred at Upstate Correction facility.

Officer Toohill to my recollection did state that I did not resist the apprehension by the team of subordinates/officers. And that shows that the use of such extreme force which injured I was unreasonable. It was definitely impossible to step out into the recreation pen (by direct orders of Toohill) when the bunkmate had a very tight hold on I.

So since the bunkmate refused to let I go or separate his hold from I - I then screamed and motioned for help to Toohill. Toohill was at the time making his routinely security rounds. Toohill then called for the subordinates/officers to apprehend I with the extreme use of force used upon I. Toohill was the witness that I called to the disciplinary hearing on 4/24/2018. And Toohill testified that I was the only person that screamed and motioned for his help. And that he only noticed the bunkmate with the very tight hold on I;

That further the bunkmate made it impossible to lock out to the recreation pen. And further that, that bunkmate was the aggressor whom kept attempting to attack I when the officers entered the cell to restrain the bunkmate and I. And that I showed

no signs of aggression whatsoever. Toohill's testimony at the hearing has significant parts of the matters in this Complaint about the 4/9/2018 incident recorded at the hearing.

So while the bunkmate had his arms wrapped around I as I was standing face to face with my attacker (the bunkmate), both I and the bunkmate were standing by the recreation pen until the officers entered the cell, to apply the extreme use of force.

Also, so even when the subordinates/officers grabbed and slammed I to the floor after using the shield to strike I in my upper torso area I still did not resist. (per the appended use of force report correction officer Trevor J. Patrick struck I with the shield in my upper torso), which hurts still, in that area.

So further it was unreasonable and shocking to then have my left arm twisted and then slammed on the floor extremely hard. I do believe that the subordinates/officers did carry with them on that incident a video/audio surveillance to record the entire event: beginning from them coming to the cell to the successful apprehension of the bunkmate and I. Injuries occurred: such as the fractured left hand, the scrape on left center forehead, the scrapes on left hand knuckles, the scrapes on right hand knuckles, the red spot on my back, and a split upper and lower lip. These injuries has been noted on either the appended use of force report (or the medical documents from 4/9/2018 to 9/12/2019 which I will append once I have received them).

In conclusion, the supervisor(s) are responsible for the inadequate training of apprehension techniques to avoid injuries. Moreso the supervisors present at the incident did not ensure the safe techniques able to avoid injuries since I was not violent nor resisting during the apprehension- moreso the officers did not suffer any injuries by I to enforce the type of use of force techniques used on 4/9/2018. For the relief requested please determine it based on the in all injuries that I have suffered or on any of the injuries I have suffered and/or the harsh shield that struck I in my torso area.

The Constitutional basis for this claim under 42 U.S.C. §1983 is: 8th amendment of the U.S. Constitution and the 14th amendment of the U.S. Constitution (and the applicable any laws).

The relief that I am seeking for this claim is: $75,000.00 (Seventyfive Thousand Dollars and zero cents)

EXHAUSTION OF YOUR ADMINISTRATIVE REMEDIES FOR THIS CLAIM:

Did you grieve or appeal this claim? ✓ Yes __ No if yes, what was the result?

Did you appeal that decision? ✓ Yes __ No if yes, what was the result?

I appealed all of the grievance responses, but the responses were not in my favor.

Third Claim: From 4/9/2018 to the current date that I signed this amended complaint. Defendant(s) #6 (The upstate correction facility responsible party(ies) and Defendant(s) #7 (The Midstate correction facility responsible party(ies) - Did the following to me:

Failed to provide adequate medical care for I, in which the doctor prescribed to I. The doctor that examined I upon the injured left hand, did prescribe 2-3 weeks physical therapy, back in May 2018. The physical therapy was to rehabilitate my left hand and cure the injury, to if not normal condition then to at least better condition, than it being without physical therapy.

I did need the physical therapy (and I still do need the physical therapy) and I never refused the physical therapy. Especially knowing that the physical therapy will assist I to cope again.

Upon I filing administrative grievances on the dire need for physical therapy upon experiencing the lengthy delay of not receiving the physical therapy, the response from the grievances stated that I allegedly refused physical therapy 3 times. So I suggest that the surveillance video/audio need to be reviewed to show when the officers came to my cell and the indication of I refusing the physical therapy. Because it is fraud that I did refuse physical therapy. In addition:

From my recollection there were no refusal forms in pursuant to physical therapy ever given to I, to acknowledge any refusal for physical therapy. And even when I did request again for physical therapy through the grievances at Midstate

Correction facility on the 5/30/2019 grievance and the 8/14/2019 grievance the physical therapy still did not get provided to I.

In conclusion, only pain medications were given to I with the surgery done by the doctor on the injured left hand. The doctor did perform surgery on the left hand. And a cast and brace was placed on the left hand area. However, the proper healing did not occur due to no physical therapy: I am injured mentally, emotionally and physically: Currently I am blessed to have the past/current mental medicines prescribed to I to also help with the pain I am suffering from - on the incident of 4/9/2018 (use of force). There are no reasons why I did not receive the physical therapy the doctor prescribed on the injured left hand after the surgery. It is a difficult time when trying to grab, hold/or motion the left hand) with the left hand.

For the relief requested please determine it based on the in all injuries that I have suffered or on any of the injuries I have suffered/and/or the harsh shield that struck I in my torso area.

The Constitutional basis for this claim Under 42 U.S.C. 1983 is: 8th amendment of the U.S. Constitution; 14th amendment of the U.S. constitution (and the any applicable laws).

The relief I am Seeking for this claim is: $75,000.00 (seventy Five Thousand Dollars and zero cents)

EXHAUSTION OF YOUR ADMINISTRATIVE REMEDIES FOR THIS CLAIM:

Did you grieve or appeal this claim? ✓ Yes — No if yes, what was the result?

Did you appeal that decision? ✓ Yes No — if yes, what was the result? I appealed all of the grievance responses, but the responses were not in my favor.

I Declare under the penalty of perjury that the overall are true and correct.

Damilola Animashaun (PROSE PLAINTIFF)

[signature]

ID 389078

Baltimore County Department of Corrections

720 Bosley Avenue - Towson Maryland 21204

FORM # 2104 (3/16)
1 OF 2

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

There are ___ other reports filed under this Use of Force Log #

# USE OF FORCE REPORT

Ref. Directive #4904-4944
(Prior To Completing Form, See Reverse For Instructions)

| REPORTING STAFF | | REPORTING STAFF | |
|---|---|---|---|
| Name: | W.Hoffnagle | Title: | Sgt. |
| FACILITY: Upstate Correctional Facility | Incident Date: April 9, 2018 | Facility Use of Force | [redacted] |
| Incident Location: Upstate Correctional Facility | Incident Time: 3:35 AM | If Unusual Incident, CCC Log #: | |

**1. REPORT OF INCIDENT**

**INMATE(S) INVOLVED**

| Name | DIN | Cell/Cube Locations | Role Code* |
|---|---|---|---|
| Animshaun | 14A0061 | 10-C-17 | 3 |
| | | | |
| | | | |

*01 Bystander
02 Participant
03 Perpetrator
04 Suspect
05 Victim
06 Witness

**IDENTIFY ALL STAFF INVOLVED IN THE USE OF FORCE (UOF)**

| | |
|---|---|
| 1. J.Tourville | 5. |
| 2. B.Davey | 6. |
| 3. J.Toohill | 7. |
| 4. T.Patrick | 8. |

**IDENTIFY ALL STAFF PRESENT DURING THE UOF**

| | |
|---|---|
| 1. B.Chevier | 5. |
| 2. Z.Holmes | 6. |
| 3. W.Hoffnagle | 7. |
| 4. | 8. |

**DESCRIBE, IN DETAIL, THE EVENTS LEADING UP TO THE APPLICATION OF FORCE (This should include, but not be limited to,** the following information: Reason you were at that location; description of de-escalation attempt(s) made and inmate's response to that effort.)

Inmate Animshaun was involved in a cell fight with inmate Arroy[redacted] they refused to comply with staff direction to stop fighting.

| W.Hoffnagle | [signature] | Sgt. | 04/09/18 |
|---|---|---|---|
| REPORTER - NAME | Signature | Title | Date |

Dist: Original - Superintendent Copy - Guidance unit file(s) of inmate(s) involved

# AFFIDAVIT of SUPPORT

I the plaintiff (Damilola Animashaun) in this complaint requested for the NewYork State Department of Corrections and Community Supervision to please send to I copies of the grievances matters I filed when I grieved of the severe injury of the left arm/left hand I suffered from in pursuant to the 4/9/2018 use of force incident that occurred at upstate correction facility. And I did receive records through a letter dated April 30 2021 sent from the NYS Doccs (the dated April 30 2021 letter is attached labeled as attachment 1). These records contains some may be necessary information able to support this entire complaint's claims. I attached to this complaint all of the records that NysDoccs sent to I.

Please court look at attachment 2. On attachment 2 an investigation of the grievance states that I refused physical therapy on 4 different occasions, but notes that I am receiving medical care on-going in which I am being prescribed Ibuprofen. However, the records states that I refused physical therapy, but that is declared as a false statement, since according to I herein I never refused physical therapy and not only did I not refuse physical therapy there are no records that will show that I consented to a refusal (for example there are no documents showing I signed any refusal forms, nor any audio/video surveillances). It is a lie that I refused physical therapy.

Also please court look at attachment 3. On attachment 3 it shows a list of the in all scheduled appointments for I to receive physical therapy. On 6/18/2018 an appointment was canceled and also on 7/11/2018 another appointment was canceled; so I received no physical therapy on these 2 days due to the cancellations that occurred and there has been no

details to specific why the cancellations occurred. And looking further at attachment 3 the other 4 dates scheduled for physical therapy appointments has been reported to be that of No show/inmate refusal. Again there has been no specific details as to why the inmate resumed as refusing/No show in pursuant to the physical therapy, appointments.

These appointments are very important to I and out of all the 6 distinct dates of physical therapy appointments I was scheduled for I was made to not participate in the any physical therapy appointments, which I find to be inconsiderate of the any responsible party that had the ability to make sure that I am present at any of the physical therapy appointments. It does not make any sense or logic that I would refuse physical therapy after I have suffered a critical and very painful left hand injury. Physical therapy is to assist I to rehabilitate after the left hand surgery so I would not miss any of the appointments as I did not refuse any of the follow ups (aside of the physical therapy appointments) with my consent.

Also please Court look at attachment 4. On the attachment 4 it shows that a consultation occurred on or about 6/7/2018. In which it further states that "PT W/HX LEFT 3RD METACARPAL BASE FX SPLINT IN PLACE, SEEN BY ORTHO 5/18/18 AT CLINTON, ORTHO RECOMM. PHYSICAL THERAPY 2X/WK X 4 WKS. PLS SCH FOR INITIAL P.T. APPT." — See REASON FOR CONSULTATION section on the attachment 4. Further on attachment 4 it states "APPROVE PTH INITIAL SOON PER NY DOCCS GUIDELINES LEFT 3RD METACARPAL WJH RN/ KEPRO" — See DECISION COMMENTS section on the attachment 4;

So clearly attachment 4 documents the injury to the left hand (3RD METACARPAL) and the splint and physical therapy prescribed. The

Splint was provided to I.

Also please court look at attachment 5 which is from the investigation on the matters on the grievance I filed. On attachment 5 it shows that I am being prescribed pain medication and that physical therapy was only prescribed for 2-3 times per week for 3-4 weeks. The grievance I filed that brought about the investigation of this not receiving physical therapy and the injuries of in pursuant to the 4/9/2018 use of force has been labeled as attachment 6. Another grievance was filed by I (see attachment 7) received by the grievance office on August 19 2019; and in attachment 8 it is as well recognized that per attachment 7 that after investigation that it appears that physical therapy was prescribed in May 2018 for 2-3 times per week for 3-4 weeks. And also that pain medications too were prescribed due to the pain from the injuries of that 4/9/2018 use of force incident.

Also please court look at attachment 9. On attachment 9 that is the report of the 4/9/2018 use of force documented. I requested for such copy of the use of force report from Upstate Correction facility where the 4/9/2018 incident occurred at and the copy was sent to I. In the attachment 9 it is described that of the involved staff members, and the type of force each staff applied, on I. It as well describes the striking in my upper torso with the shield and that force was used upon I and upon the left hand that needed surgery. My chest is in pain currently and it has complicated my breathing; the incident causes constant nightmares and crying upon I (as I am crying during the creation of this upbringing). Attachment 9 as well mentions of the other injuries I suffered from. These injuries were not from the bunk mate but from these officers:

As, of; the video footage of the recording of the incident it will show that the bunk mate only had a very tight hold on I, when the

Staff members entered the cell. However, that is if the video footage is available. There was no cause for the Cruel and Unusual punishment of the use of force by the correction officers staff members, Moreso on the use of force report (attachment 9) it mentions that I was injured due to the use of force as the report was based only on the occurrence and the after effects of the use of force (page 2 states that I (inmate) was injured in pursuant to the use of force).

Further attachment 9 shows that the medical staff Provided to I treatment methods to clean the injuries able to clean with Soap and water. And attachment 9 further shows the parts of my body where the injuries were initially noticed on my body. But still the staff members did not have to damage my body and severely injure I.

Also please court look at attachment 10. On attachment 10 it shows my complain to the medical department that I have limited use of the left hand at some moments as the left hand oftenly becomes Paralyzed on and off lasting for 3 days at times: this attachment 10 Complaint is what caused the investigation into the use of force matter by the grievance department and showed that I was listed to had refused the Physical therapy appointments (and not showed up to at least 1) - which such allegations are definitely false, there is never going to be proof of actual or constructive to show that I consented to any physical therapy refusals.

I did receive X-rays on the left arm but that was only after I complained that my left arm has been paralyzing at some moments. The X-rays resulted to a normal Sort. I as well do not know why there's no explanation of the paralyzed moments on the left arm, from the medical: It's as if medical do not know any explanation of the paralyzed moments. A cat scan did not show any explanation as to the Paralyzed moments too. And such paralyzed moments still occur currently and the recent episodes occurred yesterday

Paralyzed moments still occur currently and the recent episodes occurred yesterday (8/24/2021) and on 8/23/2021 in which I could not move my left arm for 30 minutes on 8/24/2021 and for 1 hour on 8/23/2021.

There are the medical records that I am as well awaiting for kept by Midstate Correction Facility ranging from the dates 4-9-2018 through 9-11-2019 which I believe contains some more significant information able to support this lawsuit. I have been contacting Midstate Correction Facility since January of 2021 to send the medical records to I for the lawsuit herein but I have received no response yet; but very soon I will receive the medical records (so possibly I will be needing a pause on the lawsuit so that I can add the medical records to support this lawsuit - in which when the adequate time arrive to request for the pause on the lawsuit's proceedings then I will request to the court.

These injuries noted on the use of force report (use of force report) are from the use of force and nothing else. The awaiting medical records I will need a pause on the lawsuit for should detail in more specifics on the severe injury I suffered to my left hand in which the attachment 4 attached to this upbringing states in relation and in reference to the injury to the left hand "PT W/ HX LEFT 3RD METACARPAL BASE FX SPLINT IN PLACE, SEEN BY ORTHO 5/18/18 AT CLINTON, ORTHO RECOMM. PHYSICAL THERAPY 2X/WK X 4 WKS..." And again it is important to remember that the use of force report as well provides that I suffered injuries based on the occurrence of the use of force.

If the use of force did not occur then the officers won't need to fill out the use of force report, it would had been only the disciplinary infraction and the medical report. So the injuries are from the use of force that's the cause of the officers stating that

of in the use of force report that I the inmate did get injured from the use of force (as there was no stating that the injuries occurred from any other involvement(s)).

I Declare under the penalty of perjury that the overall are true and correct.

Dated:
8/25/2021

Respectfully yours,
[signature] (Prose Plaintiff)

Damilola Animashaun ID389078
Baltimore County Department of Corrections
720 Bosley Avenue
Towson, Maryland 21204

attachment 1

**Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

April 30, 2021

Mr. Damilola Animashaun
ID 389078
Baltimore County Department of Corrections
720 Bosley Avenue
Towson, MD 21204

**Re: FOIL Log No. 21-03-015**

Dear Mr. Animashaun:

This is in response to your letter requesting records under the New York State Freedom of Information Law.

We have received your $5.75 covering the fee for the enclosed material.

Sincerely,

s./ Sandra Catalfamo

Administrative Aide
F.O.I.L Office

/sc
ENCLOSURE: 23 pages

Payment Received: Check 048212 for $5.75

attachment 2

**Furciniti, M B (DOCCS)**

| | |
|---|---|
| **From:** | Snide, Danielle N (DOCCS) |
| **Sent:** | Tuesday, February 18, 2020 9:08 AM |
| **To:** | DOCCS.sm.CentralOffice.InmateGrievance |
| **Cc:** | Ash, Stephen M (DOCCS); Blatney, Tracy (DOCCS); Nayshuler, Susanna (DOCCS); Tandywalters, Mary (DOCCS); Wilson, Lucia M (DOCCS); Yaiser, Megan E (DOCCS) |
| **Subject:** | Due 02/26- Medical |

MS-24192-19 Animshaun, D 14-A-0061

Abbrev: Grievant was seen on multiple occasions at sick call for c/o arm pain, headaches, and prescribed Ibuprofen. Per NA, the last time the grievant complained of arm pain was 08/15/2019.The grievant refused Physical Therapy on 4 different occasions. Grievant continues to receive medical care.

**Danielle Snide**
Regional Health Services Administrator

**Department of Corrections and Community Supervision**
Division of Health Services
The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050
(T) (518) 445-6176 (F) 518-445-6157 | Danielle.Snide@doccs.ny.gov

www.doccs.ny.gov

05/22/20 CIGRCMV HEALTH SERVICES SYSTEM KHSCM4U
17:54:01 C999W895 4.4.4 - APPOINTMENT SCHEDULE (REFERRAL)

DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR LOC: MIDSTATE SDP CUR LOC: COURT TRIP OUT OF STATE

| A | REFERRAL NUMBER | APPT NUMBER | APPT DATE | APPT TIME | TOS | POS | STATUS |
|---|---|---|---|---|---|---|---|
| _ | 18232537.01M | 18383759 | 07/23/18 | 0800A | PTH | UPSTATE CF | NO SHOW |
| _ | 18232537.01M | 18366965 | 07/16/18 | 0800A | PTH | UPSTATE CF | NO SHOW |
| _ | 18232537.01M | 18360153 | 07/11/18 | 0800A | PTH | UPSTATE CF | *CANCEL |
| _ | 18232537.01M | 18347365 | 07/02/18 | 0800A | PTH | UPSTATE CF | NO SHOW |
| _ | 18232537.01M | 18343868 | 06/25/18 | 0800A | PTH | UPSTATE CF | NO SHOW |
| _ | 18232537.01M | 18327703 | 06/25/18 | 0800A | PTH | UPSTATE CF | NO SHOW |
| _ | 18232537.01M | 18314638 | 06/18/18 | 0800A | PTH | UPSTATE CF | *CANCEL |

ACTIONS: X SELECT NEXT REF NUM: ________
END OF APPOINTMENT SCHEDULE FOR THIS REFERRAL NO. OPTION: _ _ _
<ENTER> CONTINUE <CURSOR+ENTER> SELECT <PF3> EXIT(FUNCTION) <PF4> RETURN
<PF7> BACKWARD <PF8> FORWARD <CLEAR>

```
05/22/20 CIGRCMV              HEALTH SERVICES SYSTEM                         KHSCM4W
17:53:58 C999W895         4.5.2 - REFERRAL OVERVIEW - II
DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA         NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR FAC: MIDSTATE SDP CUR LOC: COURT TRIP   OUT OF STATE
REFERRAL NO.: 18232537.01M INITIAL
REASON FOR CONSULTATION:   N MAIL  N FAX       USER: 06/07/18 08:47A  C840SLS
( PT W/ HX LEFT 3RD METACARPAL BASE FX SPLINT IN PLACE,SEEN BY ORTHO 5/18/18  )
( AT CLINTION, ORTHO RECOMM. PHYSICAL THERAPY 2X /WK X 4 WKS. PLS SCH FOR     )
( INITIAL P.T. APPT.                                                          )
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
DECISION COMMENTS:                             USER: 06/07/18 08:48A  OAPSWJH
( APPROVE PTH INITIAL SOON                                                    )
( PER NYDOCCS GUIDELINES LEFT 3RD METACARPAL                                  )
( WJH RN/KEPRO                                                                )
APPOINTMENT COMMENTS:                          USER: 07/23/18 12:18P  C840SLS
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
POST-CLINIC COMMENTS:
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
                                                         NEXT REF: ________ __
                                                           OPTION: _ _ _
<ENTER> <PF3> EXIT <PF6> OVERVIEW-I <PF10> APPT(REF) <PF11> APPT(DIN)  <CLEAR>
```

Attachment 5

Formal

TO. NURSE ADMINISTRATOR, MS CZERWINSKI

FROM: INMATE GRIEVANCE SUPERVISOR, C TAPIA

SUBJECT: GRIEVANCE ATTACHED

14 A0061

INMATE Animshaun, D. DIN # 18B2431 LOCATION S-A2-40B

The Inmate Grievance Resolution Committee is in need of information you and the medical Department are able to provide with regard to the attached grievance. PLEASE ANSWER THE APPLICABLE QUESTIONS BELOW AND PROVIDE ANY ADDITIONAL, RELEVANT INFORMATION.

** Per Directive #4040, the investigation must be completed, and a hearing conducted, as soon as possible. YOUR ATTENTION TO THIS MATTER IS APPRECIATED!

1) When last seen by nursing staff for problem(s) described? :

8/20/19

See MS-24057-19

2) Has he been seen by the facility physician for problem(s) described – if, yes, when? :

6/27/19

3) Treatment plan for problem(s), PLEASE DESCRIBE :

Ibuprofen, Tylenol; X Ray on 6/19/19

4) Has medication been prescribed? :

Ibuprofen 650 mg

5) HOW DO YOU RESPOND TO THE REQUESTED ACTION?

Per consult dated 5/18/18 PT was only needed 2-3 times per week for 3-4 weeks

ADDITIONAL COMMENTS:

X-Ray result normal

SIGNED BY [signature] RESPONSE DATE 8/27/19

Attach 15

TO: NURSE ADMINISTRATOR, MS CZERWINSKI

FROM: INMATE GRIEVANCE SUPERVISOR, C TAPIA

SUBJECT: GRIEVANCE ATTACHED

14 A0061 Formal

INMATE Animshaun, D. DIN # ~~1AB2432~~ LOCATION 8-A2-40B

The Inmate Grievance Resolution Committee is in need of information you and the medical Department are able to provide with regard to the attached grievance. PLEASE ANSWER THE APPLICABLE QUESTIONS BELOW AND PROVIDE ANY ADDITIONAL, RELEVANT INFORMATION.

** Per Directive #4040, the investigation must be completed, and a hearing conducted, as soon as possible. YOUR ATTENTION TO THIS MATTER IS APPRECIATED!

1) When last seen by nursing staff for problem(s) described? :

8/20/19 See MS-24057-19

2) Has he been seen by the facility physician for problem(s) described – if, yes, when? :

6/27/19

3) Treatment plan for problem(s), PLEASE DESCRIBE :

Ibuprofen, Tylenol; X Ray on 6/19/19

4) Has medication been prescribed? :

Ibuprofen 650mg

5) HOW DO YOU RESPOND TO THE REQUESTED ACTION?

Per consult dated 5/18/18 PT was only needed 2-3 times per week for 3-4 weeks

ADDITIONAL COMMENTS:

X-RAY result normal

SIGNED BY [signature] RN RESPONSE DATE 8/27/19

Dear Grievance

Less than 3 weeks ago plus recently of 5/29/2019 I Mr. Damilola Animashaun complained to the nurse during sick call that my left arm entirely is paralyzed - without any movement, and that I help to regain movements in such arm by doing "trying to grab a pen" exercise but it doesn't help. I have not seen a specialist and yes I need to see a specialist, on the arm.

The cause of action which brought this paralyzed left arm is the 4/9/2018 incident that occurred at Upstate Correction facility: A brief fight occurred while in a bunked 2 men cell - I yelled for the 1st officer I saw to enter in a hurry to break the fight up; that officer entered with other officers to break the fight up. They wanted us to lock out to the rec pen (with 1 person in the cell; 1 person in the rec pen) but since the male I was in a fight with held I failing to oblige - excessive force was used. My left arm was twisted and slammed on the floor fracturing my metacarpal on my left hand; I was treated. Yes, since 4/9/2018 the movement was lost, on the left arm. No exercises as helped by far. I dropped several sickcall slips to see a specialist but to no avail.

Therefore, it is unclear why I have not seen a specialist. This is an unusual occurrence on my arm - left arm.

Please see why I have not seen a specialist.

MS-29057-19

(3) 22-CT nerve damage from UOF, specialist needed

Waiting to hear from you shortly.

Sincerely Grieved,
Damilola Animashaun [signature]
Din 14A0061
5/30/2019
Cell C-1-8
MIDSTATE CORRECTION FACILITY
P.O. BOX 2500
MARCY, NY 13403

Dear Grievance, Attachment 1

22 CT [illegible] didn't refuse PT

See Grievance # MS-24057-19: I did file such grievance stating that I needed to see a specialist, on my left arm that got injured with the fracturing of my left metacarpal bones and paralysis at most times.

True indeed I did receive a response back on such aforementioned grievance number referenced—which stated that according to the records I denied physical therapy once while at Upstate Correction facility. I however am in contra that I did not ever deny physical therapy at all. And such claim that I denied physical therapy once is fraud. I do believe that it is best that the grievance office or whomever may be best should look at any available surveillances cameras that had the ability of recording audio and video of such fraudulent claim that provided that I denied physical therapy once: I never denied physical therapy in regards to the medical issues with my left arm after the doctor provided the prescription of I to go under physical therapy.

RECEIVED
AUG 1 9 2019
IGP OFFICE

However moreso, I did not notice that I was called upon again for physical therapy according to the records: but truly according to I, I was never called for physical therapy: any surveillance camera will show that the officers did not speak to I about seeing a physician on physical therapy in which I denied to see such physician, or undergo physical therapy. There is no reason that there is no other attempts at providing to I physical therapy that is needed for my injured left arm, especially when the doctor provided that physical therapy, is needed (however as I stated there was never no denial on my part to receive physical therapy).

I am also herein grieving that although the record shows that of fraud and improperness that I was provided the option to undergo physical therapy and I denied once. There is the need to grieve that I was not provided a second opportunity to undergo physical therapy. The Doctor did not prescribe a one time physical therapy—so how come the record that was present does not show any subsequent attempts to provide I physical therapy? There should had been a subsequent attempt to provide to I physical therapy. This is a doctor prescribed process to rehabilitate my injured left arm. Nevertheless as I stated afore, I have not ever denied physical therapy! I need physical therapy—there is no reason to deny physical therapy. So such record that states that I denied physical therapy is fraud and I do introduce any surveillance cameras in the area of where I supposingly denied physical therapy to refute that truly such surveillance camera(s) will show no indication of I being asked to go to physical therapy and I stating accounts of denying to undergo physical therapy.

As of August 12th 2019 the pain has gotten worse so that it is more severe. On a scale of 1-10 of 1 being the least severe and 10 being the most severe the pain has reached a severe point of being a 10. In the past I only received the severe hurting pain in my left arm. Now it is being sent to my brain as a form of headache, making each day difficult to cope with. I need assistance on the newly developed pain accruing of August 12th 2019! So that is any assistance that can remove or compensate I on the pain will be okay by I—that is if it is deemed to be fair by my condition.

Also, please can you provide the physical therapy that the doctor provided by presc-

ription to I in which I did not receive yet.

In conclusion, please consider the overall as being grieved. Thank you.

SUBMITTED BY:

SBlock SHU Cell A2-40 DAMILOLA ANIMASHAUN

Din# 14A0061

8/14/2019 MIDSTATE CORRECTION FACILITY

P.O. BOX 2500

MARCY, NY 13403

attachment B

MID-STATE CORRECTIONAL FACILITY
CASE HISTORY AND RECORD
"GRIEVANCE #MS-24192-19"

NAME: ANIMASHAUN, D. DIN#: 14A0061

TITLE: SEVERE ARM PAIN, DIDN'T REFUSE PT CODE: 22

**GRIEVANCE (date) 8/29/19:**

**In this investigation, the grievant alleges that he is experiencing severe arm pain, is not receiving treatment and was told that he refused PT at another facility.**

**ACTION REQUESTED (date) 8/29/19:**

**The grievant is requesting to receive treatment and PT for his medical concerns.**

**IGRC RESPONSE (date) 8/30/19:**

**ACCEPTED – it appears the grievant is receiving proper medical care for his medical concerns.**

**SUPERINTENDENT'S RESPONSE (date) 9/10/19:**

**It is noted that a similar issue was recently addressed in MS-24057-19, dated 7/17/19.**
**Medical reports the grievant has been seen by both the RN and his medical provider; and he received an x-ray on 6/19/19. Medical also reports that the results of the x-ray were normal. The grievant was provided with pain medication for his arm pain; and the referenced physical therapy was prescribed back in May 2018 for 2-3 times per week for 3-4 weeks.**
**Health Services Policy Manual Item #1.43 –Specialty Care Referrals, the Facility Health Services Directors (FHSD) have the sole responsibility for providing treatment to the inmates under their care. The FHSD's have the responsibility of determining what outside health referrals are needed. Outside specialists may only make recommendations for treatment; however, the implementation of those recommendations is at the discretion of the FHSD's, based on their professional judgment.**
**The grievant is advised to address any further similar medical concerns with medical staff via sick-call procedures.**
**Based on this investigation, this grievance is denied.**

**CORC APPEAL (date) 12/31/19:**

**I want to exhaust my administrative remedies and I have received inadequate medical care.**

5

*Upstate Correctional Facility*

attachment 9

TO: **Animshaun, Damilola** **14A0061** **Baltimore CDC** **F.O.I.L. Request #** UST-0854-20

FROM: F.O.I.L. Officer, T Nelson, SORC **FOIL Closed:** 3/26/2021

RE: **FOIL Request** 12/10/2020 ORC Name:

DATE: **3/26/2021** *Date Documents Sent:*

This is to acknowledge receipt of your Foil request for:

Requested a copy of his UF report from 4/9/18 and the UF medical and inmate injury report.

The collection, review and processing of documents can be time consuming and generally takes up to 20 business days to complete. Additional time may be required, in which case you will be notified.

In the Interim, you should review Directive #2010, "Departmental Records", which references Public Officers Law, ("POL") Sections 86-89; both are located in the Law Library

**Your Freedom of Information Law (FOIL) request has been satisfied in the following manner:**

X Attached you will find the requested copies.

X The documents were redacted in accordance with Directive #2010/POL, 87 (2). Redacted copies must be purchase

__ The record(s) you requested does not exist at this facility. Contact

__ Mental Health records are controlled by the Mental Hygiene Law and must be requested separately from OMH.

__ Rap sheets must be obtained by writing to the Division of Criminal Justice Services. Write to DCJS, Record Review Unit, 4 Tower Place Albany, NY 12203

__ Medical Records are controlled by HIPPA and must be requested directly from the Nurse.

__ Presentence/Probation Report ("PSR"): Request must be sent to the Sentencing Court or Probation Department that prepared the report.

__ Please forward a disbursement form in the amount of $ ______ to cover the cost of ______ copies. Upon receipt of payment, copies will be sent to you.

__ Your request to review your ______ folder has been forwarded to that department. They will comply with your request.

__ Your request to review a Tier hearing tape has been forwarded to the Disciplinary Office. They will comply with your request.

**Other** ______

**Your Request has been denied/denied in part for the following reason:**

__ ~~Specifically exempted from disclosure due to State or Federal statute. [POL 87(2)(a)~~

__ Would constitute an unwarranted invasion of personal privacy. [POL 87(2)(b) 89(2)]

__ Would interfere with records which are compiled for law enforcement purposes[POL 87(2)(

__ Would identify a confidential source or disclose confidential information. [POL 87(2)(b) 89(2)]

__ Could endanger the life or safety of any person. [POL 87(2)(f)]

__ Are inter-agency or intra-agency materials which are not statistical or factual tabulations or data, or final agency policy or determinations.[POL 87(2)(g)]

**Other:**

__ It is a question that requires the preparation of an answer not the production of a record.[POL 86 (4)]

__ Record could not be located as described, be specific. [POL 89 (3) (a)]

__ You do not have enough money in your account to cover the copying cost. You may resubmit your request when funds become available.

__ A video was not created due to your untimely request. Request must be made within 14 days.

__ Record as described does not exist

You have the right to appeal this decision in writing to:

Office of Counsel
NYSDOCCS
1220 Washington Avenue
Albany, NY 12226

The following are the fees at Upstate CF. Prices are subject to change without notice.

$.60 per DVD
$.25 per Page
$.97 per Audio Tape
$.35 per 35 mm Photo

UNS571 STATE OF N. Y. - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
07/10/18 USE OF FORCE REPORT
09:10:34 UPSTATE SHU UF LOG NO.
INCIDENT DATE 04/09/18 TIME 03:35AM UI CCC NO.
GEN LOC. 29 SHU-DISCIPLN SPEC LOC. 10-C1-17B CB LOG NO.

| INMATE | DIN/NYSID | ETHNIC | ROLE |
|---|---|---|---|
| ANIMSHAUN, DAMILOLA | 14A0061 | BLK | PERP |

| STAFF INVOLVED | TITLE | FORCE1 | FORCE2 | FORCE3 | DEGREE |
|---|---|---|---|---|---|
| TOURVILLE, JEREMY D | CO | BODY HOLD | MECH RESTR | | |
| DAVEY, BRIAN E | CO | BODY HOLD | | | |
| PATRICK, TREVOR J | CO | SHIELD | | | |
| TOOHILL, JAMES J | CO | BODY HOLD | | | |

DESCRIBE EVENTS LEADING UP TO THE APPLICATION OF FORCE:
INMATE ANIMSHAUN #14A0061 WAS INVOLVED IN A CELL FIGHT WITH INMATE [redacted] THEY REFUSED TO COMPLY WITH STAFF DIRECTION TO STOP FIGHTING AND LOCK OUT. STAFF ENTERED THE CELL AND USED FORCE TO GAIN COMPLIANCE.

DESCRIBE ACTUAL FORCE USED:
OFFICER PATRICK ENTERED THE CELL WITH THE SHIELD STRIKING INMATE ANIMSHAUN IN THE UPPER TORSO FORCING HIM TO THE FLOOR. OFFICER TOOHILL ENTERED THE CELL USING BOTH HANDS TO ANIMSHAUN'S SHOULDERS, HELD HIM TO THE FLOOR. OFFICER DAVEY ENTERED THE CELL USING BOTH HANDS SECURED THE INMATES RIGHT ARM. OFFICER TOURVILLE ENTERED THE CELL USING BOTH HANDS FORCED THE INMATES LEFT ARM BEHIND HIS BACK AND APPLIED MECHANICAL RESTRAINTS. ALL FORCE ENDED.

UNS571 STATE OF N. Y. - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
07/10/18 USE OF FORCE REPORT
09:10:34 UPSTATE SHU UF LOG NO.
INCIDENT DATE 04/09/18 TIME 03:35AM UI CCC NO.
GEN LOC. 29 SHU-DISCIPLN SPEC LOC. 10-C1-17B CB LOG NO.

| INMATE | DIN/NYSID | ETHNIC | ROLE |
|---|---|---|---|
| ANIMSHAUN, DAMILOLA | 14A0061 | BLK | PERP |

| EXAMINERS NAME | TITLE | EXAM DATE | TIME |
|---|---|---|---|
| C.CONKLIN | NURSE | 04/09/18 | 04:15AM |

PART B - PHYSICAL EXAMINATION/TREATMENT REPORT:
ON 04/09/2018 AT APPROXIMATELY 4:15AM INMATE ANIMSHAUN WAS VIEWED IN LOWER HOLDING PEN ON 10 BLOCK. APPROXIMATELY 1 CM ROUND SCRAPE ON LEFT CENTER FOREHEAD, SCRAPES ON LEFT HAND-KNUCKLES, SCRAPES ON RIGHT HAND-KNUCKLES, A 2 CM RED SPOT ON BACK AND A SPLIT UPPER AND LOWER LIP. INMATE ADVISED TO CLEAN SCRAPES WITH SOAP AND WATER.

SUPERVISOR REVIEW:
WAS INCIDENT VIDEOTAPED? NO WAS VIDEOTAPE REVIEWED? NO
AUTHORIZED BY: DATE: / /
WERE USE OF FORCE PHOTOS TAKEN? YES
WERE USE OF FORCE PHOTOS REVIEWED? YES
WAS STAFF MEMBER INJURED? [redacted]
WAS STAFF SEEN BY MEDICAL? [redacted]
WAS INMATE INJURED? YES
WAS INMATE SEEN BY MEDICAL? YES
WAS THE UF MEMO COMPLETED? YES
WAS THE INMATE RETURNED TO THE CELL? YES TRANSFERED TO:
REPORTED BY: SGT W. HOFFNAGLE DATE: 04/09/18
REVIEWED BY: LT J. MITCHELL DATE: 04/09/18

REVIEW AND EVALUATION BY SUPERINTENDENT:
APPROPRIATE FORCE

SPT DONALD UHLER 07/10/18
SUPERINTENDENT DATE

Attachment

FORM 2104.1 (4/12)

Ref. Directive #4944, 4004

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

# USE OF FORCE REPORT (CONT'D)

There are ______ other reports filed under this Use of Force Log #

| FACILITY | Date & Time of Incident | Facility Use of Force Log # |
|---|---|---|
| Upstate | 4/9/18 @ 3:35AM | [redacted] |
| INMATE NAME | DIN | If Unusual Incident, CCC Log # |
| Arrimabauro, Damiola | 14A0061 | |

## PART B - PHYSICAL EXAMINATION / TREATMENT REPORT

| EXAMINER'S NAME AND TITLE | Date & Time of Examination |
|---|---|
| C. Coulein RN | 4/9/18 @ 4:15Am |

**MEDICAL REPORT** (INDICATE DATE & TIME OF EXAMINATION, DESCRIBE EXTENT OF ANY INJURIES, AND DESCRIBE TREATMENT PROVIDED)

On 4/9/18 at approx 4:15Am inmate was viewed on A holding pen on 10 Blk. Multiple scrapes noted and outlined on Part B. Inmate advised to clean scrapes with soap and water.

**EXAMINER'S SIGNATURE AND DATE**

C. Coulein RN 4/9/18

## PART C - REVIEW AND EVALUATION BY SUPERINTENDENT

**SUPERINTENDENT'S SIGNATURE AND DATE**

Attachment

FORM 2104.1ADD (4/12) STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

Ref. Directive #4944, 4004

# USE OF FORCE REPORT - PART B - ADDENDUM

| FACILITY | Date & Time of Incident | Facility Use of Force Log # |
|---|---|---|
| Upstate | 4/9/18 @ 3:35 Am | [redacted] |

| INMATE NAME | DIN | Cell Location |
|---|---|---|
| Animashaun, Damilola | 14A0061 | 10-C17-B |

**PHYSICAL EXAMINATION/TREATMENT DETAIL**

| EXAMINER'S NAME AND TITLE | Date & Time of Examination |
|---|---|
| C. Caulkin RN | 4/9/18 @ 4:15 Am |

FRONT

BACK

OD (Right)

OS (Left)

① Approx 1 cm round scrape on Ⓛ center forehead ② Scrapes on Ⓛ hand - knuckles, ③ Scrapes on Ⓡ hand knuckles ④ 2 cm red spot on back ⑤ Split upper + lower lip

EXAMINER'S SIGNATURE AND DATE

C. Caulkin RN 4/9/18

Guidance unit file(s) of inmate(s) involved

```
05/22/20 CIGRCMV              HEALTH SERVICES SYSTEM                        KHSCM4W
17:53:43 C999W895          4.5.2 - REFERRAL OVERVIEW - II
DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA          NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR FAC: MIDSTATE SDP CUR LOC: COURT TRIP   OUT OF STATE
REFERRAL NO.: 19245217.01  INITIAL
REASON FOR CONSULTATION:   N MAIL  N FAX        USER: 06/14/19 08:36A  C480VXS
( C/O UNABLE TO LIFT LEFT ARM UP R/T 4/9/18 USE OF FORCE                       )
(                                                          NO SWELLING NOTED   )
( ____________________________________________________________________________ )
( ____________________________________________________________________________ )
( ____________________________________________________________________________ )
DECISION COMMENTS:
( ____________________________________________________________________________ )
( ____________________________________________________________________________ )
( ____________________________________________________________________________ )
APPOINTMENT COMMENTS:                           USER: 06/19/19 12:55P  C480AMF
( ____________________________________________________________________________ )
( ____________________________________________________________________________ )
POST-CLINIC COMMENTS:                           USER: 06/19/19 12:55P  C480AMF
(      X RAY LEFT SHOULDER                                                     )
( ____________________________________________________________________________ )
                                                         NEXT REF: ________ __
                                                           OPTION: _ _ _
<ENTER> <PF3> EXIT <PF6> OVERVIEW-I <PF10> APPT(REF) <PF11> APPT(DIN)  <CLEAR>
```

Attachment 10

```
05/22/20 CIGRCMV              HEALTH SERVICES SYSTEM                    KHSCM4W
17:53:37 C999W895         4.5.2 - REFERRAL OVERVIEW - II
DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA  .     NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR FAC: MIDSTATE SDP CUR LOC: COURT TRIP   OUT OF STATE
REFERRAL NO.: 19163399.01  INITIAL
REASON FOR CONSULTATION:   N MAIL  N FAX       USER: 04/19/19 12:46P  C480A3F
( C/O LIMITED USE OF LEFT HAND AT TIMES SINCE LAST YEAR S/P ALTERCATION. FEEL )
( S IT IS "PARALYZED" BUT STATES THIS HAPPENS ON AND OFF AND LASTS FOR 3 DAYS )
(  AT A TIME.                                                                 )
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
DECISION COMMENTS:
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
APPOINTMENT COMMENTS:                          USER: 05/01/19 01:41P  C480AMF
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
POST-CLINIC COMMENTS:                          USER: 05/01/19 01:41P  C480AMF
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
                                                      NEXT REF: _________ __
                                                        OPTION: _ _ _
<ENTER> <PF3> EXIT <PF6> OVERVIEW-I <PF10> APPT(REF) <PF11> APPT(DIN)  <CLEAR>
```

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO.<br>MS-24057-19 | | DATE FILED<br>6/17/19 |
|---|---|---|---|
| | FACILITY<br>MSCF | | POLICY DESIGNATION<br>I |
| **INMATE GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE<br>NERVE DAMAGE/SPECIALIST NEEDED | | CLASS CODE<br>22 |
| **SUPERINTENDENT** | SUPERINTENDENT'S SIGNATURE<br>[signature] | | DATE<br>7/17/19 |
| GRIEVANT<br>ANIMASHAUN, D. | | DIN<br>14A0061 | HOUSING UNIT<br>SDP |

**In this investigation, the grievant alleges that his left arm is paralyzed after a UOF and is requesting to be seen a specialist.**

**Medical reports the grievant was seen by the MD on 5/1/19 and x-rays of the grievant's hand were negative. Medical also reports the grievant refused physical therapy and is currently on pain medication.**

**Health Services Policy Manual Item #1.43 –Specialty Care Referrals, the Facility Health Services Directors (FHSD) have the sole responsibility for providing treatment to the inmates under their care. The FHSD's have the responsibility of determining what outside health referrals are needed. Outside specialists may only make recommendations for treatment; however, the implementation of those recommendations is at the discretion of the FHSD's, based on their professional judgment.**

**The grievant is advised to address any further similar medical concerns with medical staff via sick-call procedures.**

**Based on this investigation, this grievance is denied.**

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

______________________________________________

______________________________________________

______________________________________________

GRIEVANT'S SIGNATURE ____________________ DATE ____________

GRIEVANCE CLERK'S SIGNATURE ____________________ DATE ____________

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

FORM 2131E (REVERSE) (REV 6/06)

Response of IGRC: MS-24957-19 Animashaun, D. 14A0061

Accepted - to the extent that it appears the grievant is receiving proper medical care for his medical concerns

RECEIVED BY MSCF JUN 20 2019 IGP OFFICE

Date Returned to Inmate ______

IGRC Members ______

Chairperson ______

Return within 7 days and check appropriate boxes.*

☐ I disagree with IGRC response and wish to appeal to the Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed deadlockresponses. Pass - Thru to Superintendent

☐ I apply to the IGP Supervsor for review of dismissal

Signed ______ Grievant ______ Date

______ Grievance Clerk's Receipt ______ Date

To be completed by Grievance Clerk.

Grievance Appealed to the Superintendent ______ Date

Grievance forwarded to the Superintendent for action ______ Date

*An exception to the time limit may be under Directive #4040, section 701.6(g)

attachment

MID-STATE CORRECTIONAL FACILITY
CASE HISTORY AND RECORD
"GRIEVANCE #MS-24192-19"

NAME: ANIMASHAUN, D. DIN#: 14A0061

TITLE: SEVERE ARM PAIN, DIDN'T REFUSE PT CODE: 22

**GRIEVANCE (date) 8/29/19:**

**In this investigation, the grievant alleges that he is experiencing severe arm pain, is not receiving treatment and was told that he refused PT at another facility.**

**ACTION REQUESTED (date) 8/29/19:**

**The grievant is requesting to receive treatment and PT for his medical concerns.**

**IGRC RESPONSE (date) 8/30/19:**

**ACCEPTED – it appears the grievant is receiving proper medical care for his medical concerns.**

**SUPERINTENDENT'S RESPONSE (date) 9/10/19:**

**It is noted that a similar issue was recently addressed in MS-24057-19, dated 7/17/19.**
**Medical reports the grievant has been seen by both the RN and his medical provider; and he received an x-ray on 6/19/19. Medical also reports that the results of the x-ray were normal. The grievant was provided with pain medication for his arm pain; and the referenced physical therapy was prescribed back in May 2018 for 2-3 times per week for 3-4 weeks.**
**Health Services Policy Manual Item #1.43 –Specialty Care Referrals, the Facility Health Services Directors (FHSD) have the sole responsibility for providing treatment to the inmates under their care. The FHSD's have the responsibility of determining what outside health referrals are needed. Outside specialists may only make recommendations for treatment; however, the implementation of those recommendations is at the discretion of the FHSD's, based on their professional judgment.**
**The grievant is advised to address any further similar medical concerns with medical staff via sick-call procedures.**
**Based on this investigation, this grievance is denied.**

**CORC APPEAL (date) 12/31/19:**

**I want to exhaust my administrative remedies and I have received inadequate medical care.**

| NEW YORK STATE Corrections and Community Supervision<br>ANDREW M. CUOMO, Governor — ANTHONY J. ANNUCCI, Acting Commissioner | Grievance Number: MS-24192-19 | Desig./Code: I/22 | Date Filed: 08/29/19 |
|---|---|---|---|
| | Associated Cases: | | Hearing Date: 05/28/20 |
| | Facility: Mid-State Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance: Severe Arm Pain, Did Not Refuse PT | | |

**GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART**

Upon a full hearing of the facts and circumstances presented in the instant case, and upon recommendation of the Division of Health Services, the action requested herein is accepted in part.

CORC notes that the grievant's complaint has been reviewed by the Division of Health Services' staff, who advise that a complete investigation was conducted and he has received appropriate treatment. He was seen by the provider for left arm pain on 5/1/19 and 6/19/19 and has made no similar complaints since 8/15/19. In addition, x-rays completed on 6/26/19 were normal. It is noted that records indicate he refused physical therapy multiple times in 2018.

CORC asserts that, consistent with HSPM Item #1.43, the Facility Health Services Director is responsible for all aspects of inmate care, including referrals for outpatient care. CORC advises the grievant that the accuracy of medical records can be challenged in accordance with HSPM Item #4.02, and upholds the discretion of the facility administration to determine when to review video and audio recordings for grievance investigations.

With respect to the grievant's appeal, CORC notes that Directive #4040, § 701.1, states, in part, that the grievance program is not intended to support an adversary process. CORC finds insufficient evidence of improper care or malfeasance by staff, and advises him to address further medical concerns via sick call for the most expeditious means of resolution.

CMV/

---

---

This document has been electronically signed by Shelley M. Mallozzi

Attachment

C1-8B

TO: NURSE ADMINISTRATOR, MS. CZERWINSKI

FROM: INMATE GRIEVANCE SUPERVISOR, C. TAPIA

SUBJECT: GRIEVANCE ATTACHED

INMATE: Animashaun, D. DIN # 16A0061 LOCATION SHU

The Inmate Grievance Resolution Committee is in need of information you and the medical Department are able to provide with regard to the attached grievance. PLEASE ANSWER THE APPLICABLE QUESTIONS BELOW AND PROVIDE ANY ADDITIONAL, RELEVANT INFORMATION.

** Per Directive #4040, the investigation must be completed, and a hearing conducted, as soon as possible. YOUR ATTENTION TO THIS MATTER IS APPRECIATED!

FORMAL

1) When last seen by nursing staff for problem(s) described? :

2) Has he been seen by the facility physician for problem(s) described – if, yes, when? :

5/1/19

3) Treatment plan for problem(s), PLEASE DESCRIBE :

4) Has medication been prescribed? :

5) HOW DO YOU RESPOND TO THE REQUESTED ACTION?

Following xray of hand was negative

ADDITIONAL COMMENTS:

Pt refused PTH in the past
Cont NSAIDS

SIGNED BY [signature] RESPONSE DATE 6/12/19



Attachment

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

From: Shelley Mallozzi, Director, Inmate Grievance Program

SUBJ: Receipt of Appeal

D ANIMSHAUN 14A0061 2/6/2020
Mid-State Correctional Facility
Your grievance MS-24192-19 entitled
Severe Arm Pain, Did Not Refuse PT
was rec'd by CORC on 1/14/2020

---

A disposition will be sent to you after the grievance is reviewed by CORC

# MID-STATE CORRECTIONAL FACILITY
## CASE HISTORY AND RECORD COVER SHEET

GRIEVANCE #: MS-24192-19

NAME: ~~ANIMASHAUN, D.~~ ANIMSHAUN, D

DIN #: 14A0061 CONSOLIDATED Y/N: N

TITLE: SEVERE ARM PAIN, DIDN'T REFUSE PT

CODE: 22 I/D: I

DATE FILED: 8/29/19

IGRC DATE: 8/30/19

SUPERINTENDENT DATE: 9/10/19

APPEAL DATE: 12/31/19

INVESTIGATION NOTES:

| |
|---|
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

IGP SUPERVISOR'S SIGNATURE: C. TAPIA - IGP DATE: 12/31/19

```
05/22/20 CIGRCMV              HEALTH SERVICES SYSTEM                      KHSCM4V
17:53:57 C999W895          4.5.1 - REFERRAL OVERVIEW - I
DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA        NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR FAC: MIDSTATE SDP CUR LOC: COURT TRIP   OUT OF STATE

REFERRAL FACILITY: UPSTATE SC                      REF. STATUS: *INM REFUSAL*
REFERRAL DATE:     06/05/18  TELEMED: N <N>        REFERRAL NUMBER: 18232537.01M
TYPE OF SERVICE:   PHYSICAL THERAPY                REFERRAL TYPE:   INITIAL
URGENCY OF CARE:   SOON
REFERRED BY:       VIJAYKUMAR MANDALAYWALA, MD
REVIEWED BY:       VIJAYKUMAR MANDALAYWALA, MD       REQUESTED BY DATE: 06/19/18
                                                       *ADDTL COMMENTS:  1
APPT DATE: 07/23/18   TIME: 08:00A                          CLINIC NO.: 17108545
POS: UPSTATE CF       PROVIDER: PENA, WILLIAM-PTH           APPT. NO.:  18383759
TELEMED:  N   ADMISSION TYPE: OUTPATIENT
DURATION:

POST-CLINIC STATUS: NO SHOW     REFUSAL PRIOR TO APPT
SEEN FROM:    :     TO:    :
RECOMMENDED BY SPECIALIST:   N FOLLOW-UP    N PROCEDURE(S)    N NEW REFERRAL
                                                        NEXT REFER: ________ __
                                                            OPTION: _ _ _
<ENTER> CONTINUE     <PF3> EXIT(FUNCTION)      <PF4> RETURN    <CLEAR> EXIT(SYS)
     <PF6> OVERVIEW - II        <PF10> APPTS(REF)        <PF11> APPTS(DIN)
```

```
05/22/20 CIGRCMV              HEALTH SERVICES SYSTEM                      KHSCM4W
17:53:52 C999W895        4.5.2 - REFERRAL OVERVIEW - II
DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA         NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR FAC: MIDSTATE SDP CUR LOC: COURT TRIP   OUT OF STATE
REFERRAL NO.: 19261935.01  INITIAL
REASON FOR CONSULTATION:   N MAIL  N FAX       USER: 06/26/19 12:24P  C480LMW
( PAIN                                                                        )
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
DECISION COMMENTS:
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
APPOINTMENT COMMENTS:                          USER: 06/26/19 12:24P  C480LMW
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
POST-CLINIC COMMENTS:                          USER: 06/26/19 12:24P  C480LMW
( ___________________________________________________________________________ )
( ___________________________________________________________________________ )
                                                            NEXT REF: _________ __
                                                              OPTION: _ _ _
<ENTER> <PF3> EXIT <PF6> OVERVIEW-I <PF10> APPT(REF) <PF11> APPT(DIN)  <CLEAR>
```

```
05/22/20 CIGRCMV              HEALTH SERVICES SYSTEM                          KHSCM4V
17:53:51 C999W895          4.5.1 - REFERRAL OVERVIEW - I
DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA          NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR FAC: MIDSTATE SDP CUR LOC: COURT TRIP   OUT OF STATE

REFERRAL FACILITY: MIDSTATE SDP                       REF. STATUS: SEEN
REFERRAL DATE:     06/26/19  TELEMED: N <N>           REFERRAL NUMBER: 19261935.01
TYPE OF SERVICE:   X-RAY - SKELETAL                   REFERRAL TYPE:   INITIAL
URGENCY OF CARE:   EMERGENT
REFERRED BY:       V.R. MANNAVA, MD
REVIEWED BY:       V.R. MANNAVA, MD                     REQUESTED BY DATE: 06/26/19
                                                          *ADDTL COMMENTS:
APPT DATE: 06/26/19   TIME: 12:15P                          CLINIC NO.: 19066567
POS: MID-STATE CF     PROVIDER: LORI WELSH, X RAY TECH      APPT. NO.:  19349432
TELEMED:  N   ADMISSION TYPE: OUTPATIENT
DURATION:

POST-CLINIC STATUS: COMPLTD
SEEN FROM: 12:05P  TO: 12:20P
RECOMMENDED BY SPECIALIST:   N FOLLOW-UP    N PROCEDURE(S)    N NEW REFERRAL
                                                         NEXT REFER: ____-__ __
                                                             OPTION: _
<ENTER> CONTINUE    <PF3> EXIT(FUNCTION)      <PF4> RETURN    <CLEAR> EXIT(SYS)
     <PF6> OVERVIEW - II         <PF10> APPTS(REF)        <PF11> APPTS(DIN)
```

Attachment

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. MS-24192-19 | | DATE FILED 8/29/19 |
|---|---|---|---|
| | FACILITY MSCF | | POLICY DESIGNATION I |
| INMATE GRIEVANCE PROGRAM | TITLE OF GRIEVANCE SEVERE ARM PAIN, DIDN'T REFUSE PT | | CLASS CODE 22 |
| SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE [signature] | | DATE 9/10/19 |
| GRIEVANT ANIMASHAUN, D. | | DIN 14A0061 | HOUSING UNIT SDP |

In this investigation, the grievant alleges that he is experiencing severe arm pain, is not receiving treatment and was told that he refused PT at another facility. The grievant is requesting to receive treatment and PT for his medical concerns.

It is noted that a similar issue was recently addressed in MS-24057-19, dated 7/17/19.

Medical reports the grievant has been seen by both the RN and his medical provider; and he received an x-ray on 6/19/19. Medical also reports that the results of the x-ray were normal. The grievant was provided with pain medication for his arm pain; and the referenced physical therapy was prescribed back in May 2018 for 2-3 times per week for 3-4 weeks.

Health Services Policy Manual Item #1.43 –Specialty Care Referrals, the Facility Health Services Directors (FHSD) have the sole responsibility for providing treatment to the inmates under their care. The FHSD's have the responsibility of determining what outside health referrals are needed. Outside specialists may only make recommendations for treatment; however, the implementation of those recommendations is at the discretion of the FHSD's, based on their professional judgment.

The grievant is advised to address any further similar medical concerns with medical staff via sick-call procedures.

Based on this investigation, this grievance is denied.

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C. While I do not agree with the superintendent's decision – I am appealing this above decision of the superintendent to the C.O.R.C. since I need to use all the grievance steps to fulfill exhausting all grievance steps to uphold a federal lawsuit on the issue of inadequate medical care, and the afore in all.

[signature] 12/19/2019

GRIEVANT'S SIGNATURE DATE

GRIEVANCE CLERK'S SIGNATURE DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

See attachment.

Because my mails got forwarded to I extremely late to file a timely appeal to the C.O.R.C I Just on 12/19/19 filled out an appeal herein to the C.O.R.C. On 12/15/19 I received the copies (2) of the superintendent's decision of the afore forwarded to I by Midstate correction facility. Please for so provide the exception to the time limit under directive #4040. Damilola Animashaun [signature]

Attachment

Please can you file the appeal timely upon the directive 4040. My new address is Baltimore County Detention Center 720 Bosley avenue Towson, Maryland 21204 ID#389078. Which got updated since 9/12/19. Please direct all mails to such address. For now until further notice I no longer reside at Midstate correction facility.

Because my mails got forwarded to I extremely late to file the timely appeal to the C.O.R.C. I Just on 12/19/19 filled out an appeal herein to the C.O.R.C. On 12/15/19 I received the copies (2) of the superintendent's decision (attached) forwarded to I by Midstate correction facility. Please again provide the exception to the time limit under directive# 4040.

Dated: 12/19/2019.

Yours Truly,

Damilola Animashaun ID#389078

[signature]

Baltimore County Detention Center
720 Bosley Avenue
Towson, Maryland 21204

Response of IGRC

Attachment

MS-A-0061
5-A2

Accepted - To the extent that it appears the grievant is receiving proper medical care for his medical concerns.

RECEIVED BY
MSCF
AUG 30 2019
IGP OFFICE

Date Returned to Inmate ______ IGRC Members ______

Chairperson ______

Return within 7 days and check appropriate boxes.*

- [x] I disagree with IGRC response and wish to appeal to the Superintendent.
- [ ] I have reviewed deadlockresponses. Pass - Thru to Superintendent
- [ ] I agree with the IGRC response and wish to appeal to the Superintendent.
- [ ] I apply to the IGP Supervsor for review of dismissal

Signed ______ Grievant    9/6/2019 Date

______ Grievance Clerk's Receipt    ______ Date

To be completed by Grievance Clerk.

Grievance Appealed to the Superintendent ______ Date

Grievance forwarded to the Superintendent for action ______ Date

*An exception to the time limit may be under Directive #4040, section 701.6(g).

| NEW YORK STATE Corrections and Community Supervision<br>ANDREW M. CUOMO, Governor — ANTHONY J. ANNUCCI, Acting Commissioner | Grievance Number: MS-24192-19 | Desig./Code: I/22 | Date Filed: 08/29/19 |
|---|---|---|---|
| | Associated Cases: | | Hearing Date: 05/28/20 |
| | Facility: Mid-State Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance: Severe Arm Pain, Did Not Refuse PT | | |

**GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART**

Upon a full hearing of the facts and circumstances presented in the instant case, and upon recommendation of the Division of Health Services, the action requested herein is accepted in part.

CORC notes that the grievant's complaint has been reviewed by the Division of Health Services' staff, who advise that a complete investigation was conducted and he has received appropriate treatment. He was seen by the provider for left arm pain on 5/1/19 and 6/19/19 and has made no similar complaints since 8/15/19. In addition, x-rays completed on 6/26/19 were normal. It is noted that records indicate he refused physical therapy multiple times in 2018.

CORC asserts that, consistent with HSPM Item #1.43, the Facility Health Services Director is responsible for all aspects of inmate care, including referrals for outpatient care. CORC advises the grievant that the accuracy of medical records can be challenged in accordance with HSPM Item #4.02, and upholds the discretion of the facility administration to determine when to review video and audio recordings for grievance investigations.

With respect to the grievant's appeal, CORC notes that Directive #4040, § 701.1, states, in part, that the grievance program is not intended to support an adversary process. CORC finds insufficient evidence of improper care or malfeasance by staff, and advises him to address further medical concerns via sick call for the most expeditious means of resolution.

CMV/

---

---

This document has been electronically signed by Shelley M. Mallozzi

```
05/22/20 CIGRCMV              HEALTH SERVICES SYSTEM                    KHSCM4V
17:53:42 C999W895          4.5.1 - REFERRAL OVERVIEW - I
DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA        NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR FAC: MIDSTATE SDP CUR LOC: COURT TRIP   OUT OF STATE

REFERRAL FACILITY: MIDSTATE SDP                   REF. STATUS: SEEN
REFERRAL DATE:     06/14/19  TELEMED: N <N>       REFERRAL NUMBER: 19245217.01
TYPE OF SERVICE:   PRIMARY CARE - SHU             REFERRAL TYPE:   INITIAL
URGENCY OF CARE:   EMERGENT
REFERRED BY:       VIRGINIA MAE SYKES, RN
REVIEWED BY:       VIRGINIA MAE SYKES, RN           REQUESTED BY DATE: 06/14/19
                                                     *ADDTL COMMENTS:
APPT DATE: 06/19/19   TIME: 10:00A                      CLINIC NO.: 19048010
POS: MID-STATE CF     PROVIDER: AMY FERGUSON, NP        APPT. NO.:  19326612
TELEMED:  N   ADMISSION TYPE: OUTPATIENT
DURATION:

POST-CLINIC STATUS: COMPLTD
SEEN FROM:   :      TO:   :
RECOMMENDED BY SPECIALIST:   N FOLLOW-UP    N PROCEDURE(S)    N NEW REFERRAL
                                                        NEXT REFER: ________ _ __
                                                            OPTION:
<ENTER> CONTINUE    <PF3> EXIT(FUNCTION)     <PF4> RETURN    <CLEAR> EXIT(SYS)
     <PF6> OVERVIEW - II       <PF10> APPTS(REF)        <PF11> APPTS(DIN)
```

```
05/22/20 CIGRCMV            HEALTH SERVICES SYSTEM                    KHSCM4V
17:53:35 C999W895        4.5.1 - REFERRAL OVERVIEW - I
DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA        NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR FAC: MIDSTATE SDP CUR LOC: COURT TRIP   OUT OF STATE

REFERRAL FACILITY: MIDSTATE SDP                  REF. STATUS: SEEN
REFERRAL DATE:     04/19/19  TELEMED: N <N>      REFERRAL NUMBER: 19163399.01
TYPE OF SERVICE:   PRIMARY CARE - SHU            REFERRAL TYPE:   INITIAL
URGENCY OF CARE:   EMERGENT
REFERRED BY:       ALYSSA FUHRER, RN
REVIEWED BY:       AMY FERGUSON, NP                REQUESTED BY DATE: 04/19/19
                                                    *ADDTL COMMENTS:
APPT DATE: 05/01/19   TIME: 09:00A                      CLINIC NO.: 19039359
POS: MID-STATE CF     PROVIDER: AMY FERGUSON, NP        APPT. NO.:  19226844
TELEMED:  N   ADMISSION TYPE: OUTPATIENT
DURATION:

POST-CLINIC STATUS: COMPLTD
SEEN FROM:    :      TO:    :
RECOMMENDED BY SPECIALIST:   N FOLLOW-UP    N PROCEDURE(S)    N NEW REFERRAL
                                                      NEXT REFER: ________ __
                                                         OPTION: _ _ _
<ENTER> CONTINUE    <PF3> EXIT(FUNCTION)      <PF4> RETURN    <CLEAR> EXIT(SYS)
     <PF6> OVERVIEW - II       <PF10> APPTS(REF)       <PF11> APPTS(DIN)
```

```
05/22/20 CIGRCMV            HEALTH SERVICES SYSTEM                    KHSCM41
17:53:03 C999W895           4.1 - REFERRAL HISTORY     ALL -  REF
DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA         NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR FAC: MIDSTATE SDP CUR LOC: COURT TRIP   OUT OF STATE
MEDICAL HOLD: *NONE                                  NO. OF REFERRALS:  86
   REFERRAL REFERRING                       URG  REF                    REFERRAL
A   DATE     FACILITY     TOS   POS         LVL  TYP      STATUS         NUMBER
_ 08/16/18 CLINTON GEN  XOT CLINTON CF     EMER INIT SEEN 08/16/18 18341256.01
_ 08/13/18 UPSTATE GEN  ERT ALICE HYDE ME  EMER ER   REVIEWED RMD  18335468.01M
_ 08/10/18 UPSTATE SC   DEN                SOON INIT *PROV REQUEST 18332025.01
_ 07/13/18 UPSTATE SC   XOT UPSTATE CF     SOON INIT SEEN 07/23/18 18288890.01
_ 06/29/18 UPSTATE SC   ERT ALICE HYDE ME  EMER ER   REVIEWED RMD  18292819.01M
_ 06/05/18 UPSTATE SC   PTH                SOON INIT *INM REFUSAL* 18232537.01M
_ 05/31/18 UPSTATE SC   ITM UPSTATE CF     URG  INIT SEEN 05/31/18 18224643.01
_ 05/01/18 UPSTATE SC   NRS UPSTATE CF     EMER INIT SEEN 05/02/18 18180731.01
_ 04/26/18 UPSTATE SC   XOT                ROUT INIT *SEEN-NOT SCH 18175183.01
_ 04/16/18 UPSTATE SC   ORD CLINTON CF     ROUT F/UP SEEN 05/18/18 18158186.01M
_ 04/11/18 UPSTATE SHU  ORD CLINTON CF     URG  INIT SEEN 04/13/18 18151142.01M
_ 04/11/18 UPSTATE SHU  XOT UPSTATE CF     URG  INIT SEEN 04/11/18 18150287.01
ACTIONS: X SELECT O OVERVW A APPTS                           R CNC RVW
                                 Q PRNT FORM   TOS: ___ NEXT DIN: _________
                                                          OPTION: _ _ _
<ENTER>  <CURSOR+ENTER> SELECT  <PF3> EXIT  <PF6> ACT REF      <PF7> BACKWARD
<PF8> FORWARD <PF9> CCP REF
```

```
05/22/20 CIGRCMV              HEALTH SERVICES SYSTEM                     KHSCM41
17:52:58 C999W895             4.1 - REFERRAL HISTORY     ALL -   REF
DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA          NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR FAC: MIDSTATE SDP CUR LOC: COURT TRIP   OUT OF STATE
MEDICAL HOLD: *NONE                                     NO. OF REFERRALS:  86
   REFERRAL REFERRING                             URG  REF                 REFERRAL
A   DATE     FACILITY     TOS   POS               LVL  TYP     STATUS       NUMBER
_ 08/26/19 MIDSTATE SDP PRS MID-STATE CF  EMER INIT SEEN 08/28/19 19346727.01
_ 06/26/19 MIDSTATE SDP XSK MID-STATE CF  EMER INIT SEEN 06/26/19 19261935.01
_ 06/14/19 MIDSTATE SDP PRS MID-STATE CF  EMER INIT SEEN 06/19/19 19245217.01
_ 04/19/19 MIDSTATE SDP PRS MID-STATE CF  EMER INIT SEEN 05/01/19 19163399.01
_ 03/04/19 ATTICA GEN   LAB ATTICA CF     URG  INIT SEEN 03/06/19 19089123.01
_ 03/04/19 ATTICA GEN   MRK MOHAWK GLEN R ROUT INIT SEEN 04/24/19 19089120.01M
_ 03/04/19 ATTICA GEN   CTO STATE UNIVERS ROUT INIT SCHD 04/22/19 19089093.01M
_ 02/05/19 ATTICA GEN   PRX ATTICA CF     ROUT F/UP SEEN 03/19/19 19051307.01
_ 01/12/19 ATTICA GEN   PRX ATTICA CF     ROUT INIT SEEN 02/04/19 19017718.01
_ 01/07/19 ATTICA GEN   ORT WENDE RMU     ROUT INIT SEEN 01/28/19 19008113.01M
_ 10/16/18 ATTICA GEN   PRX               ROUT INIT *NOT MED NEC* 18427602.01
_ 08/31/18 CLINTON GEN  PRX ATTICA CF     ROUT INIT SEEN 01/07/19 18362582.01
ACTIONS: X SELECT O OVERVW A APPTS                         R CNC RVW
                                   Q PRNT FORM   TOS: ___ NEXT DIN: ________
                                                            OPTION: _ _ _
<ENTER> <CURSOR+ENTER> SELECT <PF3> EXIT <PF6> ACT REF      <PF7> BACKWARD
<PF8> FORWARD <PF9> CCP REF
```

```
05/22/20 CIGRCMV             HEALTH SERVICES SYSTEM                    KHSCM41
17:52:58 C999W895            4.1 - REFERRAL HISTORY    ALL -  REF
DIN: 14A0061 NAME: ANIMSHAUN, DAMILOLA         NYSID: 02401008N DOB: 04/21/1988
OWN FAC: MIDSTATE SDP CUR FAC: MIDSTATE SDP CUR LOC: COURT TRIP   OUT OF STATE
MEDICAL HOLD: *NONE                                       NO. OF REFERRALS:  86
   REFERRAL REFERRING                        URG  REF                   REFERRAL
A   DATE     FACILITY     TOS    POS         LVL  TYP      STATUS        NUMBER
_ 08/26/19 MIDSTATE SDP PRS MID-STATE CF   EMER INIT SEEN 08/28/19 19346727.01
_ 06/26/19 MIDSTATE SDP XSK MID-STATE CF   EMER INIT SEEN 06/26/19 19261935.01
_ 06/14/19 MIDSTATE SDP PRS MID-STATE CF   EMER INIT SEEN 06/19/19 19245217.01
_ 04/19/19 MIDSTATE SDP PRS MID-STATE CF   EMER INIT SEEN 05/01/19 19163399.01
_ 03/04/19 ATTICA GEN   LAB ATTICA CF      URG  INIT SEEN 03/06/19 19089123.01
_ 03/04/19 ATTICA GEN   MRK MOHAWK GLEN R  ROUT INIT SEEN 04/24/19 19089120.01M
_ 03/04/19 ATTICA GEN   CTO STATE UNIVERS  ROUT INIT SCHD 04/22/19 19089093.01M
_ 02/05/19 ATTICA GEN   PRX ATTICA CF      ROUT F/UP SEEN 03/19/19 19051307.01
_ 01/12/19 ATTICA GEN   PRX ATTICA CF      ROUT INIT SEEN 02/04/19 19017718.01
_ 01/07/19 ATTICA GEN   ORT WENDE RMU      ROUT INIT SEEN 01/28/19 19008113.01M
_ 10/16/18 ATTICA GEN   PRX                ROUT INIT *NOT MED NEC* 18427602.01
_ 08/31/18 CLINTON GEN  PRX ATTICA CF      ROUT INIT SEEN 01/07/19 18362582.01
ACTIONS: X SELECT O OVERVW A APPTS                               R CNC RVW
                                     Q PRNT FORM   TOS: ___ NEXT DIN: _________
                                                              OPTION: _ _ _
<ENTER>  <CURSOR+ENTER> SELECT  <PF3> EXIT  <PF6> ACT REF       <PF7> BACKWARD
<PF8> FORWARD <PF9> CCP REF
```

```
 05/22/20                *** FPMS INMATE OVERVIEW ***              KINQM15
 DIN 14A0061     NAME ANIMSHAUN, DAMILOLA                  NYSID 02401008N
 FBI 150493LD2   SEX MALE   DOB 04/21/1988 ETHNIC NOT HISPANIC  RACE BLACK
 STATUS IN CUSTODY     NEW COMMIT      ORIG DATE RECV 01/07/2014   CMC NO
 CURR FAC COURT TRIP   CELL         OWN FAC MIDSTATE SDP DIS#
 REL                                   DIS
 T/O STATUS NONE                                CUSTODIAL SHU
  CRIMES    TOTAL CRIMES 0003                       COMMIT COUNTY
      RAPE 2ND                 D                       KINGS
      RAPE 1ST                 B                       KINGS

 AGGREGATE TERM 0000 00 00  TO  0014 00 00   EARLIEST RELEASE DATE 03/20/2023
 PH DATE/TYPE TENT RLSE  PE DATE    TAC DATE/TYPE COND REL  MAX EXP DT PRS ME DT
 01/2023 CRC              11/2022 INIT 03/20/2023 03/20/2025
 WARRANT: FELONY WAR ( Y ) MISDEMEANOR WAR ( N ) ICE ( N ) PENDING CHARGES ( N )
        SENTENCE OTHER AGENCY ( N )  DEF SENT ( N )  EXP DATE (          )
 MOST SERIOUS PRI    NONE
 DATE        TYPE OF SENT                    TERM        -
 SECURITY CLASS MAX A  DATE 03/26/19 OTH SEC CHARS YES EXTENDED CLASS RSNS NO
 UNUSUAL INCID YES MOST CURR 08/16/18 TOTAL INCD 005    MED PROB YES
 PD PGM IDLE/SPECIAL HOUSING (1)
 REC LOC                                       NEXT DIN:
                                   HTTP://PH/I.ASPX?D=14A0061
  <ENTER> CONTINUE <PF3> EXIT(FUNC) <PF4> RETURN <PF10> PRINT <CLEAR> EXIT(SYS)
```

# CERTIFICATE OF SERVICE

I Mr. Damilola Animashaun did on 8/25/2021 mail the attached amended complaint (and it's attachments) to the U.S. District Court Northern District of newyork James M. Hanley Federal Building & U.S. Courthouse 100 S. Clinton Street - Syracuse, New York 13261. Mailed from Baltimore County Department of corrections.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE OVERALL ARE TRUE AND CORRECT.

Dated: 8/25/2021

Sincerely Yours,

[signature]

PROSE PLAINTIFF

Damilola Animashaun
ID 389078
Baltimore County Department of Corrections
720 Bosley Avenue
Towson, Maryland 21204

CERTIFICATE OF SERVICE