**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DAMILOLA ANIMASHAUN,**

                             **Plaintiff,**

  vs.                                                           9:21-CV-372
                                                                           (MAD/TWD)

**J.J. TOOHILL,** *Correction Officer***; C.O. TOURVILLE; C.O. DAVEY; C.O. PATRICK; B. CHEVIER,** *Corrections Officer***; Z. HOLMES,** *Corrections Officer***; and W. HOFFNAGLE,** *Corrections Officer***,**

                             **Defendants.**

---

**APPEARANCES:**                                        **OF COUNSEL:**

**DAMILOLA ANIMASHAUN**
**3610977**
Jessup Correctional Institution
P.O. Box 534
Jessup, Maryland 20794
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **RACHAEL OUIMET, AAG**
**STATE ATTORNEY GENERAL**         **BRENDA T. BADDAM, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

       On April 1, 2021, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. In his second amended complaint, Plaintiff alleges that Defendants used excessive force and failed to intervene in violation of the Eighth Amendment to the United States Constitution, stemming from an incident that occurred on April 9, 2018, while Plaintiff was housed at Upstate Correctional Facility ("Upstate C.F."). *See* Dkt. No. 21.

On January 23, 2023, Defendants moved for summary judgment. *See* Dkt. No. 54. In a June 22, 2023 Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court grant in part and deny in part Defendants' motion. *See* Dkt. No. 61. Specifically, Magistrate Judge Dancks recommended as follows: (1) the Eighth Amendment excessive force and failure to intervene claims against Defendant Chevier be dismissed; (2) the Eighth Amendment excessive force and failure to intervene claims against Defendants Toohill, Davey, and Patrick proceed to trial; (3) the Eighth Amendment excessive force claims against Defendants Holmes and Hoffnagle be dismissed; (4) the Eighth Amendment failure to intervene claims against Defendants Holmes and Hoffnagle proceed to trial; and (5) the Eighth Amendment excessive force claim against Defendant Tourville proceed to trial. *See id.* at 32. Neither party objected to Magistrate Judge Dancks' Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43

2

F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252 (emphasis and alterations in original)). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to

the material facts,' ... and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Kotler v. Fischer*, No. 9:09-CV-01443, 2012 WL 929823, *12 (N.D.N.Y. Mar. 19, 2012) (citations omitted). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that Defendants' motion for summary judgment should be granted in part and denied in part. Specifically, Magistrate Judge Dancks correctly determined that the undisputed facts establish that Defendant Chevier was not personally involved in the alleged Eighth Amendment violations and the claims against him must be dismissed. *See* Dkt. No. 61 at 12-13. Similarly, the undisputed facts establish that Defendants Holmes and Hoffnagle never touched Plaintiff during the use of force incident and, therefore, he could not have participated in any alleged excessive force. *See id.* at 23, 27-28. As to the remaining claims, Magistrate Judge Dancks correctly

determined that questions of fact preclude the Court from granting Defendants' motion for summary judgment.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' June 22, 2023 Order and Report-Recommendation (Dkt. No. 61) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 54) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 19, 2023
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge